IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONYA IVANOVS and KATIE HOFFMAN, on behalf of themselves and all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>BAYADA HOME HEALTH CARE, INC.,<br><br>Defendant. | Case No. |

Plaintiffs Sonya Ivanovs and Katie Hoffman (collectively, "Plaintiffs"), on behalf of themselves and all those similarly situated, allege the following claims against Defendant BAYADA Home Health Care, Inc.[1] ("BAYADA" or "Defendant"):

**SUMMARY OF CLAIMS**

1. According to its website, "BAYADA Home Health Care is a trusted leader in providing clinical care and support services at home for children and adults of all ages." *See https://www.bayada.com/about.asp*, last accessed on March 7, 2017. "Today, our team includes more than 18,000 home health professionals serving their communities in 22 states from more than 300 offices." *Id*.

2. BAYADA employs exempt-classified Client Service Managers ("CSMs"), and other employees performing similar duties, however variously titled, at its offices across the United States.

3. BAYADA unlawfully classifies all of its CSMs nationwide as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et*

---

[1] Defendant operated as Bayada Nurses until 2012 before changing its name to Bayada Home Health Care, Inc.

1

*seq.* ("FLSA"), despite the fact that they should be classified as non-exempt employees. BAYADA cannot satisfy its burden of showing that CSMs fit within any one of the narrow exemptions to the FLSA. Accordingly, CSMs are entitled to overtime pay for all overtime hours worked, as well as additional remedies available under the FLSA.

4. BAYADA classifies CSMs as exempt despite the fact that it requires CSMs to perform non-exempt duties as their primary duties, including but not limited to: scheduling health care professionals for patients, calling health care professionals for assignments, performing patient intake calls, contacting patient referrals, and verifying insurance coverage for patients.

5. Based upon this unlawful exempt classification, BAYADA has willfully refused to pay the CSMs the required overtime compensation for overtime hours worked.

6. BAYADA's practices violate the FLSA. Plaintiffs seek declaratory relief; overtime compensation for all overtime work required, suffered, or permitted by BAYADA; liquidated and/or other damages and penalties as permitted by applicable law; benefits recoverable under applicable law; interest; and attorneys' fees and costs.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. The United States District Court for District of New Jersey has personal jurisdiction over Defendant as they are headquartered and do business in New Jersey, and

because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## SUMMARY OF COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring this action on behalf of themselves and all persons who have worked for BAYADA in any location nationwide as exempt-classified CSMs, and similarly situated current and former employees holding comparable positions but different titles (the "FLSA Collective"), at any time during the applicable limitations period prior to the filing of the Complaint through the date of the final disposition of this action.[2]

## THE PARTIES

*Plaintiff Sonya Ivanovs*

12. Plaintiff Ivanovs was employed by Defendant as a CSM from approximately July 2012 to July 2014 in Millville, New Jersey.

13. As a CSM, Ivanovs regularly worked more than 40 hours in a workweek for BAYADA. Pursuant to BAYADA's policy, pattern or practice, Ivanovs was not properly compensated for all hours she worked and, in particular, received no compensation for any hours worked over 40 in a workweek.

14. In accordance with the relevant provisions of the FLSA, Plaintiff Ivanovs has consented to assert the claims in this Complaint. *See* Exhibit A.

---

[2] Prior to the filing of the Complaint, Plaintiffs and Defendant entered into an agreement to toll the FLSA and any state wage and hour law claims of Plaintiffs and all "Potential Plaintiffs" (individuals who are or have been CSMs employed by BAYADA in the United States). The claims are tolled from January 18, 2017.

3

*Plaintiff Katie Hoffman*

15. Plaintiff Hoffman was employed by Defendant as a CSM from approximately September 2013 to July 2015 in St. Paul, Minnesota.

16. As a CSM, Hoffman regularly worked more than 40 hours in a workweek for BAYADA. Pursuant to BAYADA's policy, pattern or practice, Hoffman was not properly compensated for all hours she worked and, in particular, received no compensation for any hours worked over 40 in a workweek.

17. In accordance with the relevant provisions of the FLSA, Plaintiff Hoffman has consented to assert the claims in this Complaint. *See* Exhibit B.

*Defendant*

18. Defendant BAYADA Home Health Care, Inc. is a Pennsylvania corporation with its principal place of business in Moorestown, New Jersey.

19. BAYADA is an international, privately held home health care company.

20. In the United States, BAYADA's ". . . team includes more than 18,000 home health professionals serving their communities in 22 states from more than 300 offices." *Id. See https://www.bayada.com/about.asp*, last accessed on March 2, 2017.

21. Defendant does business in the United States and throughout this District.

22. Defendant employed Plaintiffs and the FLSA Collective members and controlled and directed the terms of employment and/or compensation of Plaintiffs and other FLSA Collective members.

23. Defendant exercised control over the wages, hours or working conditions of Plaintiffs and other FLSA Collective members. Defendant suffered or permitted work, or

engaged, thereby creating a common law employment relationship, Plaintiffs and other FLSA Collective members.

24. Defendant's annual gross volume of sales made or business done was not less than $500,000 during all times relevant.

## **COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all members of the FLSA Collective nationwide, who elect to opt-in to this action.

26. Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated CSMs.

27. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

28. Defendant assigned all of the work that Plaintiffs and the members of the FLSA Collective performed, and/or Defendant was aware of all of the work that Plaintiffs and the FLSA Collective performed.

29. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay its employees, including Plaintiffs and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

b.  willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA.

30. Defendant is aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

31. Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

32. Defendant's unlawful conduct has been widespread, repeated, and consistent.

33. There are many similarly situated current and former SMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

34. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

35. Those similarly situated employees are known to BAYADA, are readily identifiable, and can be located through BAYADA's records.

## COMMON FACTUAL ALLEGATIONS

36. Plaintiffs and the FLSA Collective members consistently worked more than 40 hours per week throughout their employment with Defendant.

37. Plaintiffs' duties and those of the FLSA Collective members were assigned to them by their superiors employed by Defendant.

38. At all relevant times Defendant was aware that Plaintiffs and the FLSA Collective members worked more than 40 hours per workweek, yet they failed to pay overtime compensation for hours worked over 40 in a workweek.

39. Plaintiffs and the FLSA Collective members' primary duties were routine, non-exempt tasks including, but not limited to:

    a. scheduling health care professionals for patients;

    b. calling health care professionals for assignments;

    c. performing patient intake calls;

    d. contacting patient referrals; and

    e. verifying insurance coverage for patients.

40. Plaintiffs and FLSA Collective members' primary job duties did not include:

    a. hiring;

    b. firing;

    c. making recommendations for hiring, firing, or other employment decisions;

    d. scheduling;[3] or

    e. disciplining employees.

41. Plaintiffs and the FLSA Collective members' primary duties were not directly related to Defendant's management or general business operations.

42. Plaintiffs and the FLSA Collective members' primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

43. In that regard, Plaintiffs and the FLSA Collective members:

    a. were not involved in planning Defendant's long or short term business objectives;

---

[3] Though CSM's spend the vast majority of their time scheduling home healthcare appointments for the convenience of clients, their primary duties do not include scheduling start, end and break times for the benefit of Defendant and its health care professionals. Rather, upon information and belief, health care professionals determine their own work schedule in accordance with BAYADA's policies.

      b.      could not formulate, affect, implement or interpret Defendant's management policies or operating practices;

      c.      did not carry out major assignments that affected Defendant's business operations to a substantial degree;

      d.      did not have authority to commit Defendant in matters that had significant financial impact; and

      e.      could not waive, or deviate, from Defendant's established policies or procedures without prior approval.

44. Plaintiffs and the FLSA Collective members' primary duties were non-managerial in nature.

45. The performance of non-managerial duties occupied the majority of Plaintiffs and the FLSA Collective members' working hours.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**by Plaintiffs, on behalf of themselves**
**and the FLSA Collective Against Defendant**

46. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

47. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

48. At all relevant times, Plaintiffs and the FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. Defendant employed Plaintiffs and the FLSA Collective members at all relevant times.

50. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

51. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant, Plaintiffs and the FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. Defendant has failed to pay Plaintiffs and the FLSA Collective members the overtime wages to which they are entitled under the FLSA.

54. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

55. Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the FLSA Collective members.

56. Because Defendant's violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

58. As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all FLSA Collective members, pray for relief as follows:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective who work or have worked for Defendant at any time during the three years immediately preceding January 18, 2016, up through and including the date of this Court's court-supervised notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. Appropriate equitable and injunctive relief to remedy Defendant's violations of the FLSA including, but not necessarily limited to, an order enjoining Defendant from continuing their unlawful practices;

E. An award of damages (including but not limited to unpaid wages and unpaid overtime wages, as applicable), liquidated damages, the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes and restitution to be paid by Defendant according to proof;

F. Pre- and post-judgment interest;

G. Service awards to the Plaintiffs as compensation for the time, effort, expense, risk, and opportunity costs incurred in pursuit of these representative claims on behalf of others, and as an incentive to others to ensure robust enforcement of rights protecting workers;

H. Attorneys' fees and costs of this action, including expert fees; and

I. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims so triable.

Date: March 15, 2017  
New York, New York

Respectfully submitted,

s/ Michael Palitz
Michael Palitz (N.J. Bar # 1002010)
**SHAVITZ LAW GROUP, P.A**
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831

Gregg I. Shavitz*
Alan L. Quiles*
**SHAVITZ LAW GROUP, P.A**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com

* To apply for admission *pro hac vice*