```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

SONYA IVANOVS and KATIE          1:17-cv-01742-NLH-AMD
HOFFMAN, *ON BEHALF OF*
*THEMSELVES AND ALL OTHER*       **MEMORANDUM OPINION & ORDER**
*SIMILARLY SITUATED EMPLOYEES*,

           Plaintiffs,

    v.

BAYADA HOME HEALTH CARE,
INC.,

           Defendant.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**APPEARANCES**

MICHAEL JOHN PALITZ
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, NY 10022

GREGG I. SHAVITZ (ADMITTED PRO HAC VICE)
ALAN L. QUILES (ADMITTED PRO HAC VICE)
SHAVITZ LAW GROUP, P.A
1515 SOUTH FEDERAL HIGHWAY, SUITE 404
BOCA RATON, FL 33432

    *On behalf of Plaintiffs*

MICHAEL D. HOMANS
HOMANS PECK LLC
1835 MARKET ST
SUITE 1050
PHILADELPHIA, PA 19103

    *On behalf of Defendant*

**HILLMAN, District Judge**

    WHEREAS, Plaintiffs Sonya Ivanovs and Katie Hoffman, on behalf of themselves and all those similarly situated, allege

that Defendant, BAYADA Home Health Care, Inc., unlawfully classifies all of its Client Service Managers ("CSMs") nationwide as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and

WHEREAS, the Court granted the conditional certification of Plaintiffs' two nationwide sub-classes: Sub-class 1 is BAYADA Home Health CSMs who worked for BAYADA at any location nationwide during the three years prior to the Court's order allowing notice; and sub-class 2 is the BAYADA Home Care CSMs who worked for BAYADA at any location nationwide during the three years prior to the Court's order allowing notice (Docket No. 56); and

WHEREAS, the conditional certification conferred onto Plaintiffs the right to distribute a notice of this putative collective action to all potential opt-in plaintiffs, and Defendant was obligated to participate in this process; and

WHEREAS, to the end, the Court directed the parties to meet and confer on a form of notice, the method of dissemination of that notice, and the database of employees to which the notice will be distributed; and

WHEREAS, the Court directed the parties to provide the Court with a status update within 30 days, and although the Court strongly encouraged the parties to come to an agreement on

those issues, the Court instructed that the parties may inform the Court via letter filed on the docket of any unresolved disputes; and

WHEREAS, after conferring, the parties have notified that Court that nine issues remain unresolved and require the Court's intervention; and

WHEREAS, the Court notes that "[d]istrict courts have the authority to supervise the notification process, including how much time plaintiffs are given to notify class members, how class members are to be notified, and what contact information plaintiffs are afforded," Steinberg v. TD Bank, N.A., 2012 WL 2500331 at *6 (D.N.J. 2012) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989) ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative."); Ritzer v. UBS Financial Services, Inc., 2008 WL 4372784, at *4 (D.N.J. 2008) (stating that "courts possess broad discretion to provide court-facilitated notice," authorizing the specific wording of an entire notice provision, and determining an appropriate means of notice)); and

WHEREAS, the Court has considered the parties' positions on each of the nine disputed issues regarding the Notice, Consent Form, and Reminder Postcard, and finds the following:

1. **Issue 1: Title Reference to Unpaid Overtime**

    NOTICE OF LAWSUIT ON BEHALF OF BAYADA HOME HEALTH CLIENT SERVICE MANAGERS

2. **Issue 2: Prominently Advising Collective That the Notice is Time Sensitive**

    Insert after title: Please read carefully. Your legal rights may be affected.

    Insert after "What is this Notice about?" paragraph: This notice is time sensitive, action is required if you wish to participate in this case.

3. **Issue 3: Duties Descriptions**

    Sonya Ivanovs and Katie Hoffman, former Client Service Managers at Bayada in New Jersey and Minnesota, filed this lawsuit against BAYADA, and eleven other former Client Service Managers for Bayada from nine other states have joined the case. These Client Service Managers claim that Bayada owes them overtime wages because they performed duties that were non-managerial in nature, such as performing general client services and clerical tasks, including coordinating client visits from caregivers, answering client questions, verifying insurance coverage for clients, handling client intake calls, speaking with referral sources to receive new patient information, forwarding information from clients to caregivers, and forwarding information from caregivers to other caregivers treating the same client. These Client Service Managers claim that these non-managerial job duties entitle them to overtime pay for the time they worked more than 40 hours per week.

    BAYADA denies the allegations of the lawsuit and contends that its Client Service Managers are part of the management teams at their offices and are therefore exempt from overtime pay under federal law.

4. **Issue 4: Method for Dissemination of Notice and Return of the Claim Forms**

    Notice sent by first class mail and email. Return of claim forms online or via U.S. Mail, e-mail or fax.

**5. Issue 5: Language Related to Not Joining the Lawsuit**

**4. What are my options?**

### A. Submit a Consent Form

If you worked at BAYADA after [three years before the Court's Hoffman-La Roche notice order] and worked more than forty (40) hours in one or more work weeks but were not paid one and one-half times your regular rate for such time, you may join this lawsuit by:

- Visiting [CASE WEBSITE] and electronically submitting a Notice of Consent to join the lawsuit prior to [INSERT DATE 60 DAYS FROM MAILING DATE]; or

- Completing and returning the enclosed Notice of Consent form before [INSERT DATE 60 DAYS FROM MAILING DATE] by either 1) mailing it to [INSERT CLAIM ADMIN ADDRESS], using the enclosed self-addressed envelope; 2) faxing it to [INSERT FAX NUMBER], or; 3) scanning and emailing a legible copy of it to [INSERT EMAIL ADDRESS].

### B. Do Nothing

By not submitting the Notice of Consent form you will be excluded from the lawsuit, you will not need to do anything further, and you will not be bound by the results of the lawsuit.

**6. Issue 6: Language Regarding Discovery Obligations and Attendance at Trial**

**5. Effects of Joining this Case**

If you do choose to join this action, you will be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable. That means that if the Representative Plaintiffs (and others who join them) win, you may be eligible to receive a payment; if they lose, no money will be awarded, and you may not be able to file another lawsuit regarding the disputed amounts of wages paid.

You should also understand that if you join this lawsuit, you may be required to participate in the lawsuit by, among

other things, producing documents, answering written questions, and testifying under oath at deposition or at trial.

**7.     Issue 7: Language Regarding BAYADA Seeking Costs from Those Who Join**

These lawyers will be paid only if they win the lawsuit or obtain a settlement.  If either happens, the lawyers may receive up to one-third of any money awarded to employee-plaintiffs by the Court or obtained through a settlement, or may receive their fees and costs separately from BAYADA.  If the Client Service Managers lose the lawsuit, you will not have to pay the Shavitz Law Group any fees or costs, but BAYADA may seek recovery of its costs from employee-plaintiffs who choose to join the lawsuit.

**8.     Issue 8: Advising Putative Members of Ability to Call Plaintiffs' Counsel with Questions**

**10. How do I get more information about the lawsuit?**

If you have questions about this Notice or the lawsuit, please call or e-mail the Plaintiffs' lawyers at the telephone numbers and email above.

**9.     Issue 9: Reminder Notice**

The Court will reserve decision on Plaintiffs' request to send a reminder notice.  Plaintiffs may renew their request, if they wish, contemporaneous with the halfway mark of the notice period.

SO ORDERED.

Date:  April 19, 2019            s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.