SONYA IVANOVS and KATIE HOFFMAN, *on behalf of themselves and all other similarly situated employees*,

        Plaintiffs,

   v.

BAYADA HOME HEALTH CARE, INC.,

        Defendant.

1:17-cv-01742-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**<u>APPEARANCES</u>**

MICHAEL JOHN PALITZ
SHAVITZ LAW GROUP, P.A.
830 3RD AVENUE, 5TH FLOOR
NEW YORK, NY 10022

GREGG I. SHAVITZ (ADMITTED PRO HAC VICE)
ALAN L. QUILES (ADMITTED PRO HAC VICE)
SHAVITZ LAW GROUP, P.A
1515 SOUTH FEDERAL HIGHWAY, SUITE 404
BOCA RATON, FL 33432

    *On behalf of Plaintiffs*

MICHAEL D. HOMANS
HOMANS PECK LLC
1835 MARKET ST
SUITE 1050
PHILADELPHIA, PA 19103

    *On behalf of Defendant*

**<u>HILLMAN</u>, District Judge**

    WHEREAS, Plaintiffs Sonya Ivanovs and Katie Hoffman, on behalf of themselves and all those similarly situated, allege

that Defendant, BAYADA Home Health Care, Inc., unlawfully classifies all of its Client Service Managers ("CSMs") nationwide as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and

WHEREAS, the Court granted the conditional certification of Plaintiffs' two nationwide sub-classes: Sub-class 1 is BAYADA Home Health CSMs who worked for BAYADA at any location nationwide during the three years prior to the Court's order allowing notice; and sub-class 2 is the BAYADA Home Care CSMs who worked for BAYADA at any location nationwide during the three years prior to the Court's order allowing notice (Docket No. 56); and

WHEREAS, the conditional certification conferred onto Plaintiffs the right to distribute a notice of this putative collective action to all potential opt-in plaintiffs, and Defendant was obligated to participate in this process; and

WHEREAS, on April 22, 2019, the Court issued a Memorandum Opinion and Order resolving the parties' disputes over the form of notice, the method of dissemination of that notice, and the database of employees to which the notice will be distributed; and

WHEREAS, the Court reserved decision as to Plaintiffs' request to send a reminder notice, and permitted Plaintiffs to

renew their request contemporaneous with the halfway mark of the notice period (Docket No. 71 at 6); and

WHEREAS, the notice period has reached the halfway mark and Plaintiffs have renewed their request for a reminder notice to be sent to potential collective action members (Docket No. 80); and

WHEREAS, Plaintiffs argue that errors by the claims administrator in the notices (identification number bar codes and self-addressed stamped envelopes ("SASE") were missing) have frustrated the opt-in process and have resulted in a low opt-in rate, and a reminder postcard would serve to ameliorate the effect of those errors; and

WHEREAS, Defendant has objected to Plaintiffs' request, arguing that Plaintiffs chose the claims administrator, they have not identified a single person who has not joined the collective action because of the errors, Plaintiffs actually benefitted from the lack of a SASE because potential collective action members received a supplemental mailing with the SASE two weeks later, and Plaintiffs only seek to have reminder postcards sent to "stir up litigation" (Docket No. 82); and

WHEREAS, this Court has broad discretion in supervising the notice process, <u>Steinberg v. TD Bank, N.A.</u>, 2012 WL 2500331 at *6 (D.N.J. 2012) (citing <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989); and

WHEREAS, the Court finds that the concerns of Plaintiffs do not warrant the dissemination of a reminder postcard, particularly because the original notice was sent via mail and email, a second mailing with the SASE has already essentially operated as a reminder notice, and Plaintiffs have not demonstrated that the mailed notices, despite their lack of bar codes or SASEs, failed to provide the potential collective action members with timely, accurate and informative notice of Plaintiffs' collective action, which is the purpose of notice procedure; and

WHEREAS, the Court further finds if the Court were to permit the mailing of a reminder postcard under these circumstances, it would suggest the "appearance of judicial endorsement of the merits of the action," which the Court "must take care to avoid," Hoffmann-La Roche, 493 U.S. at 174 (further explaining that a court's "intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims," and "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality").

SO ORDERED.


Date:   September 6, 2019            s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.