# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONYA IVANOVS and KATIE HOFFMAN, *on behalf of themselves and all other similarly situated employees*, | 1:17-cv-01742-NLH-AMD |
| Plaintiffs, | OPINION |
| v. | |
| BAYADA HOME HEALTH CARE, INC., | |
| Defendant. | |

**APPEARANCES**

MICHAEL JOHN PALITZ
SHAVITZ LAW GROUP, P.A.
830 3RD AVENUE, 5TH FLOOR
NEW YORK, NY 10022

GREGG I. SHAVITZ (admitted *pro hac vice*)
ALAN L. QUILES (admitted *pro hac vice*)
SHAVITZ LAW GROUP, P.A
1515 SOUTH FEDERAL HIGHWAY, SUITE 404
BOCA RATON, FL 33432

    *On behalf of Plaintiffs*

MICHAEL D. HOMANS
HOMANS PECK LLC
TWO PENN CENTER
1500 JOHN F. KENNEDY BLVD., SUITE 520
PHILADELPHIA, PA 19102

    *On behalf of Defendant*

**HILLMAN**, **District Judge**

    Plaintiffs Sonya Ivanovs and Katie Hoffman, on behalf of themselves and all those similarly situated, allege that

Defendant, BAYADA Home Health Care, Inc., unlawfully classifies all of its Client Service Managers ("CSMs") nationwide as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").[1] On September 25, 2018, this Court granted Plaintiffs' motion to conditionally certify Plaintiffs' collective action. Since then, the case has proceeded through discovery, and currently pending is Plaintiffs' motion to enter a final order certifying the class, and Defendant's competing motion to decertify the class.

Also pending, and presently before the Court, is Defendant's motion brought pursuant to Federal Rule of Civil Procedure 37(b) to dismiss the claims of 54 opt-in plaintiffs for their repeated failure to respond to written discovery served on them on January 30, 2020, and one opt-in plaintiff who failed to appear at her deposition and has since failed to participate in the case.[2] On May 7, 2020, this Court entered an Order to Show Cause directing that within 15 days those 55 opt-in plaintiffs were to show cause as to why their claims should

---

[1] Plaintiffs bring this action on behalf of themselves and others "similarly situated" to remedy alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and therefore this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

[2] This opt-in plaintiff is Ashley Johnson.

not be dismissed. (Docket No. 158.) On May 24, 2021, Plaintiffs' counsel filed a response to the Court's Order to Show Cause. (Docket No. 161.) Fourteen opt-in plaintiffs responded,[3] and twelve of those parties expressed that they wish to remain as opt-in plaintiffs in this case and do not want to be dismissed. Defendant filed a response on June 10, 2021. (Docket No. 165.) Defendant objects to ten of the twelve who responded to the Court's Order.

For the reasons expressed below, the Court will grant Defendant's motion as to the two opt-in plaintiffs who expressly stated that they do not wish to pursue their claims,[4] and as to the 43 opt-in plaintiffs who did not respond to the Court's Order to Show Cause. The Court will deny Defendant's motion as to the two opt-in plaintiffs to whom Defendant does not object,[5]

---

[3] Plaintiffs' counsel states they received fifteen responses. One of the fifteen listed by Plaintiffs' counsel is Lindsey Shirley. Counsel indicates that immediately upon emailing the Order to Show cause on May 11, 2021, Plaintiffs' Counsel received a bounceback message indicating the email was not deliverable. Shirley also received a letter via U.S. Mail to her last-known address and an advisory text message. Shirley never responded. Therefore, Shirley will be considered in the group of 43 who did not respond to the Court's Order to Show Cause.

[4] These two opt-in plaintiffs are Laura Mariusso and Kayla Shackelford.

[5] These two opt-in plaintiffs are Shakir Cook and Keisha Schoephoerster. Both of these parties sent their responses to Defendant's written discovery requests, but those responses had been inadvertently misplaced by Plaintiffs' counsel and not

3

as well as the ten opt-in plaintiffs Defendant now objects to.

### 1. Ten opt-in plaintiffs who responded to this Court's Order to Show Cause

Under the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," fails to appear at a deposition, or fails to provide answers to interrogatories, the court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b); Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).").

Where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in Poulis v. State Farm Casualty Co., 747 F.2d 863, 870 (3d Cir. 1984) (explaining that the relevant "factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited"). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad

---

provided to Defendant.

4

faith; (5) the effectiveness of sanctions other than dismissal or default judgment, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

The objected-to ten opt-in plaintiffs who responded to this Court's Order to Show Cause and who request that they remain in the case have provided the following explanations to Plaintiffs' counsel for their failure to respond to Defendant's written discovery:

1. Chara Danielle Aylesworth: Ms. Aylesworth responded on May 11, 2021 and states that she did not timely respond to the original discovery requests out of fear of retaliation. She realizes that retaliation is unlawful, but was relatively new to the company when this case came forward and needed her job. Ms. Aylesworth is still employed with Bayada, but feels she has been with the company long enough that she is not as concerned about retaliation as she was when she was a new employee. She expressed a willingness to provide responses and is in the process of doing so. If allowed to remain in the case, Ms. Aylesworth requests an additional two weeks in which to provide her complete discovery responses.

2. Alexandra Carpilio: Ms. Carpilio emailed Plaintiffs' Counsel on May 11, 2021, explaining that her contact information has changed, and she did not receive any prior communications from Plaintiffs' counsel related to the discovery, and was not

aware of her obligations.  Opt-In Carpilio provided Plaintiffs' counsel with her updated contact information which is, indeed, different from where Plaintiffs' counsel sent prior discovery-related communications.  She expressed a willingness to provide responses and is in the process of doing so.  If allowed to remain in the case, Ms. Carpilio requests an additional two weeks in which to provide her complete discovery responses.

    3.    Kristin Crighton: Ms. Crighton responded on May 24, 2021 indicating she thought she had previously provided discovery responses to Plaintiffs' Counsel, but between the pandemic, a new job, and long hours may have missed our emails.  Indeed, Ms. Crighton provided partial responsive information to Plaintiffs' counsel in August 2020.  However, Ms. Crighton did not respond to subsequent requests for additional information.  Ms. Crighton has just provided Plaintiff's Counsel with all the additional information needed to draft responses on her behalf.  If allowed to remain in the case, Ms. Crighton requests an additional two weeks in which to provide her finalized discovery responses.

    4.    Lisa Earp: Ms. Earp passed away prior to the service of the discovery requests.  Her surviving spouse, James Earp, responded to Plaintiffs' Counsel by email on May 11, 2021.  Mr. Linz explained that he does not have any of his late wife's documents from Bayada, and otherwise does not have sufficient

6

personal knowledge to provide discovery responses, but that he is generally aware of the hours his wife worked at Bayada. If the Court permits Ms. Earp's claims to survive, Mr. Earp indicated he will take whatever action is required to substitute his late wife's estate, or take whatever action is necessary to preserve her claim.

5. Kathryn Fortier: Ms. Fortier responded by telephone on May 11, 2021. Ms. Fortier indicated that she was unaware she would be required to provide discovery responses when submitting her claim form. The discovery requests ask her to identify witnesses and provide some information about her work history, which she is not willing to do. Ms. Fortier would like to remain part of the case without providing contact information for her former co-workers or information related to her work history. If permitted to remain in the case, Ms. Fortier requests an additional two weeks in which to provide her complete discovery responses.

6. Madonna Murphy: Ms. Murphy responded on May 24, 2021 via email explaining that COVID has caused her many obstacles over the past year, and that as a result she has missed many email communications. Ms. Murphy stated that over the course of the year she has continued to work for her health system, reporting to work each day, navigating through many challenges and shifts in roles and responsibilities. She indicates she did

7

not intentionally ignore the requests, but instead focused on staying mentally and physically healthy, meeting personal and professional obligations and keeping her family healthy and safe. She expressed a willingness to provide responses and is in the process of doing so. If allowed to remain in the case, Ms. Murphy requests an additional two weeks in which to provide her complete discovery responses.

    7.    Diane Nast: Ms. Nast passed away prior to the service of the discovery requests. Her surviving spouse, Joe Linz, responded to Plaintiffs' Counsel by telephone on May 11, 2021. Mr. Linz explained that he does not have any of his late wife's documents from Bayada, and otherwise does not have sufficient personal knowledge to provide discovery responses, but that he is generally aware of the hours his wife worked at Bayada. If the Court permits Ms. Nast's claims to survive, Mr. Linz indicated he will take whatever action is required to substitute his late wife's estate, or take whatever action is necessary to preserve her claim.

    8.    Beth Sippola: Ms. Sippola responded on May 20, 2021 and explained that she did not originally respond to discovery because multiple people had told her that Bayada could "come after" her or try to "get rid" of her. She needed her job and feared retaliation. Ms. Sippola is no longer employed by Bayada and has no present fear of retaliation. She expressed a

8

willingness to provide responses and is in the process of doing so.  If allowed to remain in the case, Ms. Sippola requests an additional two weeks in which to provide her complete discovery responses.

    9.    Chloe Smith: Ms. Smith called and emailed her response on May 12, 2021, explaining that at the time the discovery requests were served she still worked at Bayada and feared retaliation.  She needed her job and did not want to risk her livelihood.  Ms. Smith expressed a willingness to provide responses and is in the process of doing so.  If allowed to remain in the case, Ms. Smith requests an additional two weeks in which to provide her complete discovery responses.

    10.    Diana Sweetser: Ms. Sweetser responded on May 19, 2021 stating that she had been away from home for an extended period and was otherwise unable to direct her attention to providing timely discovery responses.  Ms. Sweetser was out of state caring for her elderly parents when the discovery requests were served.  Her father passed away in 2019, but she stayed to be the primary caregiver for her mother who suffers from dementia.  She happened to be home for a short period of time when we sent our message related to the Order to Show Cause.  She has located some responsive documents and is in the process of locating others so she can provide full responses.  If allowed to remain in the case, Ms. Sweetser requests an additional two weeks in

which to provide her complete discovery responses.
(Docket No. 161 at 2-6.)

The Court has reviewed and considered Defendant's challenges to these ten opt-in plaintiffs' "excuses." (Docket No. 165.) Defendant argues that fear of reprisal, general lack of diligence, and the absence of documentation to support their claims are excuses not worthy of credence or are otherwise inexcusable, and therefore they should be dismissed from the case. The Court does not agree.

Even if the Court were to credit Defendant's observations regarding these plaintiffs' "excuses," and accepting that the ten opt-in plaintiffs are personally responsible for failing to respond to Defendant's discovery requests, Defendant has not articulated (1) how it will be directly prejudiced by permitting these plaintiffs one final opportunity to provide discovery responses, (2) how it is unlikely these plaintiffs have viable claims, or (3) how the ultimate sanction of dismissal is warranted under these circumstances.

Moreover, the Court notes that in Defendant's moving brief in support of its motion to dismiss the non-responsive opt-in plaintiffs, Defendant requested the following relief: "[T]his Court should dismiss the claims of the Non-Responsive Opt-Ins pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, providing them with a final period to produce all requested

discovery responses within seven (7) days of the Court's Order." (Docket No. 126-1 at 14.) In this Court's Order to Show Cause, the Court reversed the requested order of events because notice of a sanction is required prior to the imposition of the sanction.[6] But regardless of the reverse order, Defendant had not originally sought to assess the viability of a plaintiff's reasons for failing to provide discovery before that plaintiff was permitted to respond and remain in the case. Instead, Defendant's only condition of a non-responsive plaintiff's continuation in the case was that the discovery responses be submitted within seven days.

"Dismissal must be a sanction of last, not first, resort." Poulis, 747 F.2d at 869; see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Dismissal is a harsh remedy and should be resorted to only in extreme cases."). For the ten above-listed opt-in plaintiffs, the preclusion of their participation in this case is not warranted. These plaintiffs shall have fourteen days from the issuance of this Opinion and accompanying Order to provide the discovery requested by

---

[6] See, e.g., Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1147 (3d Cir. 1990) (explaining that notice of the sanction of dismissal for discovery violations is required prior to dismissal, and such notice was provided in that case); In re Lawson, 774 F. App'x 58, 60 (3d Cir. 2019) (requiring that before the sanction of dismissal is imposed, prior notice and providing an opportunity to respond is required).

11

Defendant.[7]  If any plaintiff fails to do so without leave of Court, this Opinion provides notice that their claims will be subject to dismissal.

### 2. Forty-three opt-in plaintiffs who failed to respond to the Order to Show Cause

In contrast to the ten opt-in plaintiffs who responded to the Court's Order to Show Cause, an assessment of the Poulis factors shows that the dismissal of these forty-two opt-in plaintiffs' claims is warranted.

(1) The extent of the party's personal responsibility:  The non-responsive parties failed to respond to discovery and failed to respond to the Court's Order to Show Cause, which was served on them via U.S. Mail, text message, and email on or before May 12, 2021.  (Docket No. 159.)  The Court has no information to find that it is not the parties' personal responsibility for failing to pursue their claims.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery:  Without these parties' participation in their claims, including responding to Defendant's discovery requests, Defendant has no ability to defend itself on those claims.

---

[7] The parties shall also notify the Court if the discovery provided by any of these opt-in plaintiffs will affect the pending motion to decertify the collective action [139] and the pending motion for final certification of the collective action [141].

(3) A history of dilatoriness: The same analysis as the personal responsibility factor applies to this factor.

(4) Whether the conduct of the party or the attorney was willful or in bad faith: The Court has no information to conclude that these plaintiffs' failure to participate in this case was not willful.

(5) The effectiveness of sanctions other than dismissal or default judgment, which entails an analysis of alternative sanctions: These 43 non-responsive opt-in plaintiffs' repeated failure to respond to their attorneys and this Court compels the determination that no other sanction but dismissal would be effective.

(6) The meritoriousness of the claim or defense: Without these plaintiffs' responses to Defendant's discovery requests and their participation in their case, the Court cannot determine whether their claims have any merit.

Consequently, pursuant Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 37(d)(3), the claims of following opt-in plaintiffs will be dismissed:

1. Anika Allen
2. Sondra Barauskas
3. Latwainda Fayette Beal
4. Shanise (Little) Campbell
5. Mariangelys Cruz-Mercado

13

6. Kristina Davis
7. Dorothy Desmarais
8. Richard Desterhouse
9. Jeanette Diaz
10. Victoria Marie Elisseou
11. Deborah Ann Estey
12. Galo Estrella
13. Dawn Fisher
14. Jennifer Gryga
15. Jordan Hester
16. Christopher Allan Hetkowski
17. Bakara Hudson
18. Alissa (Gage) Hunt
19. Chelsea Leigh James
20. Ashley Johnson
21. Rosemary Nora Johnson
22. Carolyn Klair
23. Janine Kreiss
24. Jennifer Nicole Laster
25. Casey Louise Levesque
26. Amber Long
27. Rachel Lopez
28. Laura Mariusso
29. Christine McMahon

30. Minh Nguyen

31. Allison Joelle Nulton

32. Jamie O'Brian

33. Anthipi Marika Paxinos

34. Laura Rae Sears

35. Kayla Roberts Shackleford

36. Lyndsey Shirley

37. Tawanya Smith

38. Michelle Brittany Thibault

39. Kelly Turinsky

40. Krystal Imari Velez

41. Curt Von Neumann

42. Sean Joseph Whittaker

43. Kimberly Williams

## **CONCLUSION**

For the reasons expressed above, Defendant's motion to dismiss the non-responsive opt-in plaintiffs will be granted in part and denied in part. An accompanying Order will be entered.

Date: June 28, 2021  s/ Noel L. Hillman
At Camden, New Jersey  NOEL L. HILLMAN, U.S.D.J.