UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONYA IVANOVS and KATIE HOFFMAN, *on behalf of themselves and all other similarly situated employees*, | 1:17-cv-01742-NLH-AMD |
| Plaintiffs, | **ORDER** |
| v. | |
| BAYADA HOME HEALTH CARE, INC., | |
| Defendant. | |

For the reasons expressed in the Court's Opinion filed today,

IT IS on this   6th   day of   August  , 2021

ORDERED that the MOTION to Decertify the Collective Action by BAYADA HOME HEALTH CARE, INC. [139] be, and the same hereby is, DENIED; and it is further

ORDERED that the MOTION for Final Certification of Fair Labor Standards Act Collective Action by All Plaintiffs [141] be, and the same hereby is, GRANTED; and it is further

ORDERED that the MOTION for Leave to File Excess Pages re: ECF 139 Motion to Decertify the Collective Action by BAYADA HOME HEALTH CARE, INC. [146] be, and the same hereby is, GRANTED *nunc pro tunc*; and it is finally

ORDERED that Plaintiffs' MOTIONS to File Corporate Documents and Information Under Seal [140, 151] be, and the same hereby are, DENIED, because Plaintiffs have failed to comply with Local Civil Rule 5.3(c):

- Plaintiffs have failed to file on the docket unredacted versions of the items they wish to file under seal, which constitute all the exhibits attached to their briefs, and instead Plaintiffs only mailed hardcopies to the Court, see L. Civ. R. 5.3(c)(4) (explaining that "[a]ny materials deemed confidential by a party or parties and submitted under temporary sealing subject to a motion to seal or otherwise restrict public access shall be filed electronically under the designation 'confidential materials' and shall remain sealed until such time as the motion is decided," and "[w]hen a document to be filed contains both confidential and non-confidential information, an unredacted version of that document shall be filed under seal");

- Plaintiffs' proffered basis for sealing all the exhibits to their briefs - that they are all subject to a discovery confidentiality order and Defendant might object to their public filing - is insufficient to warrant the restriction of public access to those documents, see Brooks v. Wal-Mart Stores, Inc., 2020 WL 1969937, at *7 (D.N.J. 2020) ("[J]ust because a document is marked confidential and subject to a protective order, does not automatically mean a document can be sealed.  The document must still satisfy the standard set forth in Rule 5.3.");

- Plaintiffs' proposed orders fail to include the findings for each of the elements for sealing as provided by L. Civ. R. 5.3(c)(3), see L. Civ. R. 5.3(c)(6) ("Any order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(3) above as well as other findings required by law"); and it is finally

ORDERED that within 10 days Plaintiffs shall file on the docket the exhibits to their briefs in unredacted form under seal, and Plaintiffs or Defendant shall have 10 days thereafter

to file the appropriate motion to seal any of those documents in accordance with L. Civ. R. 5.3(c); if no motion to seal is filed, the Court will direct the Clerk to unseal those documents.

                                                                               s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.