UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SONYA IVANOVS, et al.,

        Plaintiffs,

  v.

BAYADA HOME HEALTH CARE, INC.,

        Defendant.

Civil No. 17-1742 (NLH/AMD)

**MEMORANDUM OPINION AND ORDER**

**HILLMAN**, **District Judge**

This matter comes before the Court by way of a motion for partial summary judgment, [Docket Number 171], filed by Plaintiffs Sonya Ivanovs and Katie Hoffman, as members of a Fair Labor Standards Act[1] ("FLSA") collective (collectively "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 56. Defendant Bayada Home Health Care, Inc. ("Bayada") opposes the motion. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will deny the motion without prejudice and

---

[1] 29 U.S.C. § 201, et seq.

reserves ruling on the merits of Bayada's good faith defense and liquidated damages.[2]

The Court's August 6, 2021 Opinion, [Dkt. No. 174], provides a fuller account of the case's factual and procedural history. The Court thus need not describe the record in great detail here.

Bayada, a Pennsylvania corporation with a principal place of business in New Jersey, is a home healthcare services provider. Complaint, [Dkt. No. 1], at ¶¶ 1, 18. Among its staff are employees titled "Client Service Managers" ("CSMs"). Id. at ¶ 2. Bayada classifies the CMSs as exempt from the minimum wage and overtime requirements of the FLSA. Id. at ¶ 3. Plaintiffs were employed by Bayada as CSMs. Id. at ¶¶ 12-15. Plaintiffs aver Bayada misclassified them and all other CSMs, thus violating the FLSA's minimum wage and overtime requirements. Id. at ¶ 3. On March 15, 2017, Plaintiffs initiated this matter filing the underlying complaint. On June 30, 2021, Plaintiffs filed the instant motion for partial summary judgment.

Plaintiffs' motion does not seek to prove Bayada violated the FLSA. Instead, they request the Court rule that Bayada does not establish the affirmative defense of good faith and thus any

---

[2] The Court has original federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

future finding that Bayada violated the FLSA entitles Plaintiffs to liquidated damages. To put it another way, Plaintiff request that the Court put the cart before the horse. Assessing the instant record against the standard for summary judgment,[3] the

---

[3] Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (*citing* Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celotex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts

3

Court is unpersuaded that the requested relief is appropriate at this time.

The FLSA states, "Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount as liquidated damages." 29 U.S.C. § 216(b).  However, liquidated damages are not to be awarded where the employer shows its actions were "in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA.  Brock v. Claridge Hotel & Casino, 846 F.2d 180, 187 (3d Cir. 1988) (citing 29 U.S.C. §§ 216(b), 260); Marshall v. Brunner, 668 F.2d 748, 753 (3d Cir. 1982) ("In 1947, upon the enactment of section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, Congress provided employers with a defense to the mandatory

---

showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s].'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  For "the non-moving party[] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 257.

liquidated damage provision of section 216(b).  Essentially, the defense provides that the district court has discretion to award no liquidated damages, or to award an amount of liquidated damages less than the amount provided by section 216(b) of the FLSA, if, and only if, the employer shows that he acted in good faith and that he had reasonable grounds for believing that he was not violating the Act.").  The employer bears the burden of establishing that liquidated damages should not be awarded.  Brock, 846 F.2d at 187.

Starting with the issue of liquidated damages, Bayada adroitly points out, and Plaintiffs acknowledge, the issue of liquidated damages is predicated on a finding of liability.  In support of their arguments, Plaintiffs cite to Falzo v. County of Essex, No. 03-cv-1922, 2008 WL 2064811 (D.N.J. May 13, 2008) and Albanese v. Bergen County, 991 F. Supp. 410 (D.N.J. 1997) as examples where courts rejected the argument, as asserted here by Bayada, that seeking summary judgment on liquidated damages prior to a ruling on liability is not premature.  Plaintiffs' Reply Brief, [Dkt. No. 176], at 1-2.  However, the Court is not persuaded by Plaintiffs' arguments and the cited authorities.

The district court in Albanese did not consider the availability of liquidated damages in a vacuum as Plaintiffs present here.  Rather, the motion for partial summary judgement in that case was far more expansive, including multiple issues,

5

such as "the issue of liability under the FLSA" as well as whether "plaintiffs are entitled to liquidated damages." Albanese, 991 F. Supp. at 416. The Court thus adopts the posture articulated by former Chief Judge Linares in Falzo, which acknowledged that "the Court could make a determination about the availability of liquidated damages if Plaintiffs were to prevail at trial . . . However, the Court at this time reserves decision on this issue so that it may better put in context the actions or inactions of the employer after having the benefit of a full record." Falzo, 2008 WL 2064811, at *13.

It would be illogical for the Court to address the issue of whether Bayada acted in good faith without also ruling on the issue of liquidated damages. Thus, the defense of good faith is best addressed later, when the Court may consider the issue of whether Bayada violated the FLSA and thus have a full record to assess whether Bayada "acted reasonably and [in] good faith . . . under the totality of the circumstances." Brooks v. Village of Ridgefield Park, 978 F. Supp. 613, 620 (D.N.J. 1997), aff'd in part, vacated in part, 185 F.3dd 130 (3d Cir. 1999). Importantly, Bayada raises the issue of its employee classification process, as it concerns CSMs, as part of its defense of good faith. As Bayada's classification of CSMs is part and parcel to the Court's assessment of whether Bayada violated the FLSA, it is premature for the Court to evaluate and

rule on those facts as this affects liability.  The defense should be decided in tandem with liability.

The Court thus finds that based on the joint submissions, partial summary judgment is improper at this time, therefore:

IT IS on this  23rd  day of  March , 2022, hereby

ORDERED that Plaintiffs' motion for partial summary judgment shall be, and hereby is, **DENIED**.  The Court reserves ruling on the issues of Bayada's defense of good faith and Plaintiffs' entitlement to liquidated damages until after trial or a decision is reached on the issue of whether Bayada violated the FLSA.


Date: March 23, 2022              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.