```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

SONYA IVANOVS and KATIE HOFFMAN, *ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES*,

        Plaintiffs,

    v.

BAYADA HOME HEALTH CARE, INC.,

        Defendant.

1:17-cv-01742-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**HILLMAN**, District Judge

    Before the Court is the unopposed Motion [Docket Number 187] by Defendant Bayada Home Health Care, Inc. ("Bayada"), pursuant to Federal Rule of Civil Procedure 37(b) to dismiss the claims of Non-Responsive and Uncooperative Opt-In Plaintiff, Alexandra Carpilio, for her failure to respond to discovery; and

    WHEREAS, Bayada previously moved before this Court seeking to dismiss Carpilio and other non-responsive, opt-in Plaintiffs for their repeated failure to respond to written discovery served on January 30, 2020; and

    WHEREAS, on May 7, 2021, the Court issued an Order to Show Cause directing Carpilio and other similarly non-responsive, opt-in plaintiffs to show cause within 15 days as to why their

claims should not be dismissed, [Dkt. No. 158]; and

WHEREAS, on May 24, 2021, Carpilio and the other non-responsive, opt-in Plaintiffs responded to the Order to Show Cause, with Carpilio explaining (1) her contact information had changed such that she had not received any prior communications from Plaintiffs' counsel related to discovery and was not aware of her obligations, (2) she provided her updated contact information, (3) she expressed her willingness to provide discovery responses, (4) she requested an additional two weeks to provide complete discovery responses, and (5) she expressed a desire to remain in the case; and

WHEREAS, on June 28, 2021, the Court issued an Opinion and Order [Dkt. Nos. 169 and 170 respectively] denying with out prejudice Bayada's motion to dismiss Carpilio and several other non-responsive, opt-in Plaintiffs.  The Court's found that "preclusion of [Carpilio's] participation in this case is not warranted," and held that Carpilio "shall have fourteen days from the issuance of this Opinion and accompanying Order to provide the discovery requested by Defendant.  If [Carpilio] fails to do so without leave of Court, this Opinion provides notice that [her] claims will be subject to dismissal." Opinion, [Dkt. No. 169], at 11-12; and

WHEREAS, on October 19, 2021, Bayada again moved to dismiss Carpilio pursuant to Rule 37(b) for failing to meet her

2

discovery obligations.  According to Bayada, Carpilio has yet to furnish written discovery responses and is therefore in violation of the Court's June 28, 2021 Order, which plainly states that noncompliance would subject her claim to dismissal; and

WHEREAS, Bayada contacted Plaintiffs' counsel regarding its plan to file the instant motion to dismiss Carpilio for her failure to participate in discovery.  To which, on August 27, 2021, Counsel for Carpilio, Alan L. Quiles, responded in an email that Plaintiffs "take no position on the Motion and do not plan to submit opposition to her dismissal in accordance with the prior orders of the Court[;]" and

WHEREAS, to date, no opposition from Plaintiffs' counsel nor any response from Carpilio (or anyone) has been presented to the Court; and

THEREFORE, for the reasons expressed in the Court's June 28, 2021 Opinion and Order, and in consideration of Bayada's unopposed Motion to Dismiss Carpilio for failing to respond to discovery and violating the Court's June 28, 2021 Order, the Court finds that dismissal is the appropriate sanction.  In making this determination, the Court notes that dismissal is an appropriate sanction to a party that "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b); Fed. R. Civ. P. 37(d)(3).  In ordering the sanction of dismissal, the

Court finds that the six Poulis factors when applied against the present record weigh in favor of dismissal.  See Poulis v. State Farm Casualty Co., 747 F.2d 863, 870 (3d Cir. 1984).

(1) The extent of the party's personal responsibility: Carpilio failed to respond to discovery and violated the Court's June 28, 2021 Order despite her representation that she would otherwise comply with her discovery obligations.  The record supports the conclusion that Carpilio is personally responsible for failing to pursue her claims.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery: Without Carpilio's participation in her claims, including responding to Bayada's discovery requests, Bayada has no ability to defend itself against those claims.

(3) A history of dilatoriness:  The same analysis as the personal responsibility factor applies to this factor, though to be sure, Carpilio has demonstrated a history of dilatoriness based on her repeated failure to respond to discovery and the Court's prior Orders.

(4) Whether the conduct of the party or the attorney was willful or in bad faith: despite her failure to follow through, Carpilio represented to the Court that she

4

would respond to discovery, thus the Court has no information to conclude Carpilio's failure to participate in the case was not willful.

(5) The effectiveness of sanctions other than dismissal or default judgment, which entails an analysis of alternative sanctions: Carpilio's repeated failure to respond to discovery for over two years, which includes her representation to the Court that she would respond to discovery, and violation of the Court's Order thus compels this Court's determination that no other sanction but dismissal would be effective.

(6) The meritoriousness of the claim or defense:  Without Carpilio's responses to Bayada's discovery requests and her participation in her case, the Court cannot determine whether her claims have any merit.

Consequently,

IT IS on this  22nd  day of June, 2022,

ORDERED that Bayada's Motion to Dismiss Non-Responsive and Uncooperative Opt-In Plaintiff, Alexandra Carpilio [Dkt. No. 187], be, and the same hereby is, GRANTED with prejudice.


At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

5