UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONYA IVANOVS and KATIE HOFFMAN, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES,<br><br>Plaintiffs,<br><br>v.<br><br>BAYADA HOME HEALTH CARE, INC.,<br><br>Defendant. | 1:17-cv-01742-NLH-AMD<br><br>OPINION AND ORDER |

**HILLMAN**, District Judge

WHEREAS, on March 15, 2017, Named Plaintiffs Sonya Ivanovs and Katie Hoffman filed the present action on behalf of themselves and similarly situated Client Services Managers ("CSMs") currently and formerly employed by Defendant BAYADA Home Health Care, Inc. ("Defendant"), alleging that Defendant has inaccurately and unlawfully misclassified CSMs as exempt from the minimum-wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., (ECF 1 at ¶¶ 2-4, 11); and

WHEREAS, notice was provided to approximately 1,300 potential class members and 118 current and former employees chose to opt-in, of which forty-five were dismissed by the Court

as non-responsive, (ECF 174 at 2 n.1); and

WHEREAS, sixty-seven Plaintiffs, including the two Named Plaintiffs – Ivanovs and Hoffman – are currently parties to this action, (ECF 269 at 3); and

WHEREAS, on December 12, 2022, Plaintiffs filed a motion in limine seeking to exclude any evidence of the opt-in participation rate of this case, contending that such evidence is irrelevant and unduly prejudicial, (ECF 249 at 5-6); and

WHEREAS, on December 19, 2022, Defendant filed an opposition arguing that because Plaintiffs allege that CSMs' misclassification is the product of corporate policies, the experiences of non-Plaintiff CSMs are relevant and that it ought to be able to place the number of Plaintiffs in context for the jury, (ECF 252 at 5-7); and

WHEREAS, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action," Fed. R. Evid. 401, and absent the United States Constitution, federal statute, or rule stating otherwise, relevant evidence is admissible, Fed. R. Evid. 402; and

WHEREAS, a court may nonetheless exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of it causing unfair prejudice or misleading the jury, see Fed. R. Evid. 403; and

2

WHEREAS, district courts have broad discretion in excluding evidence pursuant to Rule 403, see Egan v. Del. River Port Auth., 851 F.3d 263, 275 (3d Cir. 2017) (noting that Rule 403 rulings are reviewed for abuse of discretion); and

WHEREAS, a potential plaintiff may choose not to opt-in to a FLSA action for any number of reasons unrelated to the merits of the case and the percentage of potential plaintiffs who choose to opt-in is of at best marginal relevance to the substantive issues to be decided, see Hart v. RCI Hosp. Holdings, Inc., 90 F. Supp. 3d 250, 272 (S.D.N.Y. Mar. 11, 2015) (concluding that the total number of opt-in plaintiffs could be presented to the jury for the purpose of calculating damages, but directing counsel not to reference the difference between the number of FLSA opt-ins and the number of plaintiffs in a related New York Labor Law class); see also Monroe v. FTS USA, LLC, No. 2:08-cv-2100, 2011 WL 13079216, at *1 (W.D. Tenn. Sept. 1, 2011) ("The opt-in rate is not relevant to the issue that the jury must decide, and would be confusing and possibly prejudicial . . . ."); and

WHEREAS, the Court holds that references to the total number of CSMs who may have opted-in and the opt-in rate in this case would be minimally probative of the validity of Plaintiffs' claims while carrying a significant risk of misleading the jury and steering its focus away from the substantive issues to be

3

decided.

    THEREFORE,

    IT IS HEREBY on this ___10th___ day of ___January___, 2023

    **ORDERED** that Plaintiffs' motion in limine to exclude evidence as to the opt-in participation rate, (ECF 249), is granted and the parties shall be prohibited from introducing evidence or making references to the total number of Opt-In Plaintiffs, the total number of CSMs employed by Defendant or who were given an opportunity to participate in this action, and any comparisons between those figures during the liability stage of the trial.

                                                  _s/ Noel L. Hillman_
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.