# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONYA IVANOVS and KATIE HOFFMAN, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES,<br><br>        Plaintiffs,<br><br>    v.<br><br>BAYADA HOME HEALTH CARE, INC.,<br>        Defendant. | 1:17-cv-01742-NLH-AMD<br><br>OPINION AND ORDER |

**HILLMAN**, District Judge

   WHEREAS, on March 15, 2017 Plaintiffs instituted the present action on behalf of themselves and similarly situated employees, alleging that Defendant BAYADA Home Health Care, Inc. ("Defendant") "unlawfully classifies all of its [Client Services Managers ("CSMs")] nationwide as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ('FLSA'), despite the fact that they should be classified as non-exempt employees," (ECF 1 at ¶¶ 3, 11); and

   WHEREAS, on December 12, 2022, Plaintiffs filed a motion in limine seeking entry of an Order precluding evidence from non-participant CSMs and CSMs not scheduled to testify as to the

duties, expectations, and requirements of CSMs, (ECF 250 at 2-3), asserting that the duties of those not participating in the action are irrelevant, (id. at 4-5); and

WHEREAS, Defendant filed an opposition on December 19, 2022, contending that, because Plaintiffs have alleged that the misclassification of CSMs is the result of corporate policies and procedures, evidence from CSMs who have not opted-in to this action or who are not testifying is relevant in deciphering the primary job duties of CSMs, (ECF 253 at 6-7); and

WHEREAS, the FLSA provides minimum-wage and maximum-hour requirements, 29 U.S.C. §§ 206, 207, subject to exemption for employees "employed in a bona fide executive, administrative, or professional capacity[,]" § 213(a)(1); and

WHEREAS, Defendant has maintained as an affirmative defense that CSMs are exempt under both the executive and administrative exemptions of the FLSA or some combination thereof, (ECF 11 AA at ¶ 9; ECF 139-2 at 2-3); and

WHEREAS, whether an employee is employed in an executive or administrative capacity depends, in part, on the employee's primary duties, 29 C.F.R. § 541.100(a)(2); § 541.200(a)(2); see also Sander v. Light Action, Inc., 525 Fed. Appx. 147, 150 (3d Cir. 2013) (citing 29 C.F.R. § 541.200(a)); and

WHEREAS, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the

2

evidence" and that fact "is of consequence in determining the action," Fed. R. Evid. 401, and absent the United States Constitution, federal statute, or rule stating otherwise, relevant evidence is admissible, Fed. R. Evid. 402; see also Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002) ("[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems in admitting it."); and

WHEREAS, the relevance of evidence presented by non-opt-in employees in a FLSA action is dependent on the theory of the plaintiffs' case and, when the plaintiffs allege a corporate policy of misclassification, the experiences of non-opt-ins subject to the same policies are relevant to the employer's defense of proper classification, see Johnson v. Big Lots Stores, Inc., 253 F.R.D. 381, 387 (E.D. La. May 7, 2008); see also Goodman v. Burlington Coat Factory, No. 11-4395, 2019 WL 4567366, at *6 (D.N.J. Sep. 19, 2019)(citing Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567, 572 (E.D. La. June 20, 2008) and finding that an expert's observations were not inherently unreliable simply because non-opt-in employees were observed because plaintiffs' final certification relied on the employer's "comprehensive corporate policies and procedures"); see also

c.f. Rasberry v. Columbia Cnty., 385 F. Supp. 3d 792, 795 (W.D. Ark. Apr. 4, 2019) (granting plaintiffs' motion to exclude evidence from non-participants because the alleged overtime violations were applicable only to plaintiffs and, even if probative, such evidence would have been unduly prejudicial); and

    WHEREAS, the Court finds that, because Plaintiffs have chosen to allege that their misclassification is the product of corporatewide policies and procedures, evidence from non-participant and non-testifying CSMs subject to those same policies and procedures is relevant to Defendant's defense of proper classification; and

    WHEREAS, for those same reasons, evidence from non-participant and non-testifying CSMs does not create the same prejudice as found in Rasberry, see 385 F. Supp. 3d at 795. THEREFORE,

    IT IS HEREBY on this  10th   day of  January   , 2023

    **ORDERED** that Plaintiffs' motion in limine to exclude evidence from non-participant and non-testifying CSMs, (ECF 250), is denied and Defendant may present evidence as to the primary duties of any CSM subject to the same policies and procedures as Named and Opt-In Plaintiffs.

At Camden, New Jersey          s/ Noel L. Hillman  
                                       NOEL L. HILLMAN, U.S.D.J.