**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SONYA IVANOVS and KATIE HOFFMAN, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES,<br><br>Plaintiffs,<br><br>v.<br><br>BAYADA HOME HEALTH CARE, INC.,<br><br>Defendant. | 1:17-cv-01742-NLH-AMD<br><br>OPINION AND ORDER |

**HILLMAN**, District Judge

WHEREAS, Plaintiffs in this action allege on behalf of themselves and similarly situated Client Services Managers ("CSMs") who have been or are employed by Defendant BAYADA Home Health Care, Inc. ("Defendant") that Defendant has unlawfully classified CSMs as exempt from the minimum-wage and overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., despite CSMs primarily performing non-exempt duties, (ECF 1 at ¶¶ 2-4, 11); and

WHEREAS, on December 12, 2022, Plaintiffs filed a motion in limine seeking to preclude Defendant from offering Named and Opt-In Plaintiffs' resumes and online profiles as evidence of their job duties, (ECF 251 at 4-5); and

WHEREAS, on December 19, 2022, Defendant filed an opposition asserting that Plaintiffs' resumes and online profiles are relevant to Plaintiffs' FLSA misclassification claims and Defendant's related defenses, (ECF 254 at 3-4), and that resumes and profiles ought to also be permitted for the purpose of impeaching the credibility of Plaintiffs' witnesses, (id. at 5); and

WHEREAS, the FLSA provides minimum-wage and maximum-hour requirements, 29 U.S.C. §§ 206, 207, subject to exemption for employees "employed in a bona fide executive, administrative, or professional capacity[,]" § 213(a)(1); and

WHEREAS, Defendant has maintained as an affirmative defense that CSMs are exempt under both the executive and administrative exemptions of the FLSA or some combination thereof, (ECF 11 AA at ¶ 9; ECF 139-2 at 2-3); and

WHEREAS, whether an employee is employed in an executive or administrative capacity depends, in part, on the employee's primary duties, 29 C.F.R. § 541.100(a)(2); § 541.200(a)(2); see also Sander v. Light Action, Inc., 525 Fed. Appx. 147, 150 (3d Cir. 2013) (citing 29 C.F.R. § 541.200(a)); and

WHEREAS, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action," Fed. R. Evid. 401, and absent the United States

Constitution, federal statute, or rule stating otherwise, relevant evidence is admissible, Fed. R. Evid. 402; see also Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002) ("[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems in admitting it."); and

WHEREAS, the Federal Rules of Evidence further provide that courts may permit on cross-examination inquiries as to specific instances of conduct by a witness so long such instances are probative of the witness's character for truthfulness or untruthfulness, see Fed. R. Evid 608(b)(1); see also United States v. Wilson, No. 15-cr-94, 2016 WL 2996900, at *4 (D.N.J. May 23, 2016) ("Federal Rule of Evidence 608(b)(1) gives the trial court discretion to permit [cross-examination] of a witness regarding specific instances of conduct concerning the witness's character for truthfulness or untruthfulness"); and

WHEREAS, in the context of decertification of a FLSA collective action, a court in this District has acknowledged that defenses available to defendant employers include "impeach[ing] the credibility of individual Opt-Ins by bringing to light misrepresentations about duties that they may have made on their resumes," see Aquilino v. Home Depot, U.S.A., Inc., No.

3

04-04100, 2011 WL 564039, at *9 (D.N.J. Feb. 15, 2011); and

WHEREAS, it has been recognized outside this District that while "actual job duties are what determines FLSA classification, evidence such as how plaintiffs described their job duties on resumes . . . is some evidence of what the actual job duties were," see Lochridge v. Lindsey Mgmt. Co., Inc., No. 12-5047, 2014 WL 11975055, at *2 (W.D. Ark. Sept. 9, 2014) (denying a motion to exclude plaintiffs' resumes, plaintiffs' subsequent job applications, and defendant's "generalized job descriptions"); and

WHEREAS, the Court agrees that Named and Opt-In Plaintiffs' own descriptions of their job duties provide substantive evidence as to what those job duties actually were; and

WHEREAS, the Court further finds that such resumes and profiles do not constitute hearsay as they represent statements of an opposing party, see Fed. R. Evid. 801(d)(2)(A); see also United States v. Browne, 834 F.3d 403, 415 (3d Cir. 2016) (finding that Facebook chats sent by the defendant were properly admitted as admissions by a party opponent).

THEREFORE,

IT IS HEREBY on this  10th   day of  January   , 2023

**ORDERED** that Plaintiffs' motion in limine to exclude evidence of resumes and online profiles describing job duties, (ECF 251), is denied and Defendants may present the resumes,

4

online profiles, and similar records of Named and Opt-In Plaintiffs provided that such records are not otherwise violative of the Federal Rules of Evidence; and it is further

**ORDERED** that Plaintiffs shall be relieved of any Order entered by the undersigned or Magistrate Judge Ann Marie Donio that would prohibit them from calling as a witness any Named or Opt-In Plaintiff whose resume, online profile, or similar record is referenced by Defendant.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |