UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SONYA IVANOVS and KATIE HOFFMAN, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES,

    Plaintiffs,

  v.

BAYADA HOME HEALTH CARE, INC.,

    Defendant.

1:17-cv-01742-NLH-AMD

OPINION

---

Appearances:

MICHAEL JOHN PALITZ
SHAVITZ LAW GROUP, P.A.
800 3RD AVENUE
SUITE 2800
New York, N.Y. 10022

   *On behalf of Plaintiffs*

MICHAEL D. HOMANS
HOMANS PECK, LLC
1500 JOHN F. KENNEDY BLVD.
STE. 520
PHILADELPHIA, PA. 19102

   *On behalf of Defendant*

**HILLMAN**, District Judge

    Pending before the Court is the parties' joint motion to redact and seal pursuant to Local Civil Rule 5.3.  (ECF 226). For the reasons expressed below, the motion will be granted.

**I. Background**

Defendant BAYADA Home Health Care, Inc. is privately held healthcare company incorporated in Pennsylvania and principally based in Moorestown, New Jersey. (ECF 1 at ¶¶ 18-19). Plaintiffs Sonya Ivanovs and Katie Hoffman (collectively "Plaintiffs") are citizens of New Jersey and Minnesota, respectively, who both worked as client services managers ("CSMs") for Defendant. (Id. at ¶¶ 12, 15).

Plaintiffs allege that Defendant employs CSMs and similar positions and unlawfully classifies such employees as exempt from the minimum-wage and overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., despite CSMs primarily performing non-exempt duties, (id. at ¶¶ 2-4). Plaintiffs brought their action on behalf of themselves and a purported nationwide class of similarly situated current and former employees of Defendant. (Id. at ¶ 11).

On July 10, 2017, Magistrate Judge Ann Marie Donio entered a discovery confidentiality order permitting the parties and third parties to designate as "Confidential" material containing trade secrets or competitively sensitive information, private or confidential personal information, and other content. (ECF 29 at ¶ 1). On September 24, 2018, the Court granted conditional certification of Plaintiffs' two proposed subclasses, (ECF 56; ECF 58), and, on August 6, 2021, granted Plaintiffs' motion for

2

final certification, (ECF 174; ECF 175).  As part of their motion to certify, Plaintiffs filed under seal the three documents relevant to the instant motion pursuant to the discovery confidentiality order.  (ECF 141-15; ECF 141-16; ECF 141-24).

On September 10, 2021, Defendant moved pursuant to Local Civil Rule 5.3 to seal two of the above-referenced documents, both versions of "The BAYADA Way of Operating an Office," and to redact the name of a non-party from an employee evaluation. (ECF 181; ECF 181-1 at 1).  On June 23, 2022, the Court denied Defendant's motion without prejudice, citing procedural and substantive defects.  (ECF 222).

On July 25, 2022, Defendant, with the consent of Plaintiffs' counsel, filed the instant motion to redact the same three documents.  (ECF 226).

## II. Discussion

### A. Jurisdiction

The Court possesses original jurisdiction over this action as Plaintiffs' claims are based on alleged violations of the FLSA.  See 28 U.S.C. § 1331.

### B. Local Civil Rule 5.3

Motions to seal within this District are governed by Local Civil Rule 5.3.  Medley v. Atl. Exposition Servs., Inc., 550 F. Supp. 3d 170, 203 (D.N.J. July 26, 2021).  Pursuant to Local

Civil Rule 5.3, requests to restrict public access are to be made via a single, consolidated motion on behalf of all parties, L. Civ. R. 5.3(c)(1), and include (a) the nature of the materials or proceeding at issue, (b) the interests warranting the relief sought, (c) the clearly defined, serious injury that would result without relief, (d) why less restrictive alternatives are unavailable, (e) any prior orders involving the sealing of the same materials, and (f) the identity of any objector, L. Civ. R. 5.3(c)(3); see also Ford v. Caldwell, No. 20-12655, 2022 WL 4449338, at *1 (D.N.J. Sept. 23, 2022) (noting that the Local Civil Rule 5.3(c)(3) factors are considered by courts when ruling on motions to seal).  Corresponding opinions and orders must include findings on those same factors.  L. Civ. R. 5.3(c)(6).

While litigants maintain an interest in privacy, and it is within courts' authority to restrict public access, the public has a right to information regarding judicial proceedings.  See, e.g., Medley, 550 F. Supp. 3d at 203; Bertolotti v. AutoZone, Inc., 132 F. Supp. 3d 590, 609 (D.N.J. Sept. 22, 2015). Therefore, movants bear the burden of overcoming the presumption in favor of public access, which must be accompanied by demonstration of "good cause" in favor of protection.  Medley, 550 F. Supp. 3d at 203-04 (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).  Good cause is

4

demonstrated by a particularized showing of a clear and serious injury that would result from disclosure and is not met by broad, unsubstantiated allegations.  Id. at 204 (citing Pansy, 23 F.3d at 786).

**III. Analysis**

At the outset, the Court notes that the instant motion has – consistent with Local Civil Rule 5.3(c)(3) – been accompanied by an index describing the information to be redacted, the interests and injuries implicated, why less restrictive alternatives are unavailable, and any parties opposing the redactions, which there are none.  (ECF 226-2).  Also, contrary to the earlier motion to seal, (ECF 222 at 6-7), a declaration from an employee with knowledge of the relevant materials has been included.  (ECF 226-1).  The declaration of Cris Toscano, practice president of Defendant's Skilled Nursing Unit who has worked for Defendant for twenty-seven years, appropriately details the materials to be redacted and the interests and potential injuries at stake.  (Id.).

With these procedural standards met, the Court will, pursuant to Local Civil Rule 5.3(c)(6), address the Local Civil Rule 5.3(c)(3) factors.

**A. Nature of Materials at Issue, Local Civil Rule 5.3(c)(1)**

The parties seek to redact numerous pages from two versions of the "The BAYADA Way of Operating an Office," otherwise

5

referred to as "playbooks," filed as Exhibits M and N in Plaintiffs' motion for final certification. (ECF 226; ECF 226-1 at ¶ 6; ECF 226-2 at 2-6). They also seek to redact portions of an employee evaluation attached to Plaintiffs' motion for final certification as Exhibit V. (ECF 226; ECF 226-1 at ¶ 21; ECF 226-2 at 6-7).

For the playbook filed as Exhibit M, effective May 26, 2015, the parties seek to redact all or part of twenty-three pages. Eighteen pages sought to be fully redacted contain "Lifecycle" data, including development and growth plans for Defendant offices, targeted hour and revenue goals, and additional cost and revenue information. (ECF 226-1 at ¶ 12; ECF 226-6 at 26-43). Two-and-a-half additional pages of material consisting of employee pay scale and rates are sought to be entirely redacted as well as portions of two other pages containing financial-goals information and a "Week in Review" report pertaining to Defendant's business model. (ECF 226-1 at ¶¶ 15-16; ECF 226-6 at 75-77, 172-73). The playbook filed as Exhibit N, effective May 20, 2019, contains similar material sought to be redacted – twenty-three fully redacted pages of "Lifecycle" data, three fully redacted pages of employee-compensation information, and portions of one page consisting of financial-goals information. (ECF 226-1 at ¶ 17; ECF 226-3 at 23-45, 76-78, 167).

Finally, the parties seek to redact the subject's name and signature from an employee evaluation, filed as Exhibit V. (ECF 226-1 at ¶ 21; ECF 226-4). This employee is not a party to this action, or even a CSM, but rather their evaluation was included to demonstrate work conducted by CSMs. (ECF 226-1 at ¶ 21).

The Court has reviewed Toscano's declaration and index summarizing proposed redactions attached to the pending motion. (ECF 226-1; ECF 226-2). The Court has also cross-referenced the descriptions of the redacted material in the declaration and index with unredacted copies of the exhibits in question and concludes that the index and declaration accurately depict the proposed redacted material.

### B. Private Interests Implicated and Clearly Defined Injury, Local Civil Rules 5.3(c)(2), (3)

Toscano's declaration explains that the two playbooks included as Exhibits M and N are compilations containing sensitive information regarding Defendant's operations that have been compiled and refined over many years. (ECF 226-1 at ¶¶ 7-8, 11). The above-referenced "Lifecycle" data consists of development and growth plans, targeted weekly revenue and billing hours, cost and revenue data, division-of-labor information, and financial expectations and milestones. (Id. at ¶ 12). If such information was made public, Toscano asserts that competitors would be able to replicate Defendant's

7

practices, undercut Defendant's pricing, recruit away Defendant's clients and employees, and forecast changes within the company such as office splits.  (Id. at ¶ 14).  Similarly, Toscano asserts that the employee-compensation material and financial-goals data sough to be redacted, including the "Week in Review," could be used by competitors to recruit employees away from Defendant or undercut Defendant with clients.  (Id. at ¶¶ 15-16).

Such information has been recognized as protectable within the District of New Jersey.  See Cherry Hill Programs, Inc. v. Sullivan, No. 1:21-cv-20248, 2022 WL 14558234, at *4 (D.N.J. Oct. 25, 2022) (referring to a business plan, expense reports, employee-compensation information, and similar material); Boehringer Ingelheim Pharma GMBH & Co. KG v. Mylan Pharms., Inc., No. 14-4727, 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015) (sealing portions of a brief and declaration containing sales and revenue information).  The injuries cited by Toscano are also the sorts that courts within the District have found to warrant sealing.  See Sullivan, 2022 WL 14558234, at *4 (finding that plaintiffs presented a clearly defined injury by stating that the revelation of sales and contract data would allow clients to change their bids, enable competitors to poach clients, and undermine employee retention); Kasilag v. Hartford Inv. Fin. Servs., LLC, Nos. 11-1083 & 14-1611, 2016 WL 1394347,

at *7 (D.N.J. Apr. 7, 2016) ("Companies possess a legitimate private interest in keeping 'cost and profit information sealed from the public and their competitors, to ensure their competitiveness in the marketplace.'" (quoting Bracco Diagnostics, Inc. v. Amersham Health, Inc., No. 03-6025, 2007 WL 2085350, at *5 (D.N.J. July 18, 2007))). Therefore, the Court concludes that the nature of the interests and injuries implicated favor sealing the playbooks submitted as Exhibits M and N.

Separately, Exhibit V is an employee evaluation of a non-party who is not a CSM that was submitted to demonstrate how CSMs evaluate employees. (ECF 226-1 at ¶ 21). Defendant has a policy of keeping employee records confidential and Toscano submits that public disclosure of the employee's identity would result in invasion of their privacy and embarrassment. (Id. at ¶¶ 21-22).

The Court agrees that the identity of the non-party employee who was the subject of the evaluation included as Exhibit V is of little relevance to the action and that the information provided in the document, including numeric ratings and future goals, is the sort in which the employee maintains a legitimate privacy interest. Therefore, the Court holds that the interests and injuries in question support sealing Exhibit V. See Jorjani v. N.J. Inst. of Tech., Nos. 18-11693 & 20-1422,

9

2022 WL 1811304, at *6 (D.N.J. June 2, 2022) (granting a motion to seal nonparties' employment information, concluding that "[p]ublic disclosure would likely threaten the privacy interests of such nonparties, exposing them to potential embarrassment and harm to their reputation").

### C. Availability of Less Restrictive Alternatives, Local Civil Rule 5.3(c)(4)

Many of the proposed redactions are full pages from Defendant's playbooks, forty-six-and-a-half pages in all, along with several more minor redactions of financial-goals information from the playbooks and the employee's name and signature from the evaluation. Toscano represents that, in response to the Court's previous opinion, the proposed redactions of the playbooks are tailored to exclude only material that Defendant is certain will result in substantial harm if disclosed. (ECF 226-1 at ¶¶ 19-20). Further, Toscano states that redaction of the employee's identity is the least restrictive means of protecting their privacy. (Id. at ¶ 23).

While movants must state with particularity "why a less restrictive alternative to the relief sought is not available," L. Civ. R. 5.3(c)(3)(d), wholesale redactions have been permitted within this District, see Medwell, LLC v. Cigna Corp., No. 20-cv-10627, 2020 WL 7694008, at *5 (D.N.J. Dec. 28, 2020) (concluding that there was no less restrictive means of

10

redaction than to seal exhibits in their entirety). The Court has reviewed the material to be redacted from the playbooks and is satisfied that the proposed redactions have been limited to information implicating the legitimate interests and injuries described above. Further, the employee evaluation has remained unredacted aside from the name and signature identifying the subject. Therefore, the Court finds that less restrictive alternative redactions are not available and that the redactions as proposed are appropriate.

### D. Prior Sealing Orders and Objectors, Local Civil Rules 5.3(c)(5), (6)

Finally, the Court looks to whether any prior order has sealed the same materials and any party or non-party objector. As referenced, the relevant exhibits were filed pursuant to Judge Donio's discovery confidentiality order and the Court previously denied a similar motion to seal these documents. (ECF 29; ECF 222). The pending motion is unopposed. (ECF 226-2).

Therefore, the Court holds that the balance of the Local Rule 5.3(c) factors supports the proposed redactions. In particular, the parties have demonstrated the sensitivity and legitimate privacy interests Defendant has in the records, the clearly defined and serious injury Defendant would suffer if the motion is not granted, and the absence of less restrictive

11

alternatives.  The Court will thus grant the parties' motion to seal.[1]

**IV. Conclusion**

For the reasons stated above, the parties' joint motion to redact and seal pursuant to Local Civil Rule 5.3, (ECF 226), will be granted.

An Order consistent with this Opinion will be entered.

Date: January 13, 2023         s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[1] Although the Court has granted the motion to seal, it retains the prerogative to lift the seal of any portion of the sealed materials if necessary to avoid misleading the factfinder in this matter or which are necessary to unseal, after notice and an opportunity to be heard, in order to explain or place in context any legal ruling by the Court either during trial or post-trial.