UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SONYA IVANOVS and KATIE HOFFMAN, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED EMPLOYEES,

    Plaintiffs,

  v.

BAYADA HOME HEALTH CARE, INC.,

    Defendant.

1:17-cv-01742-NLH-AMD

OPINION

Appearances:

MICHAEL JOHN PALITZ
SHAVITZ LAW GROUP, P.A.
800 3RD AVENUE
SUITE 2800
New York, N.Y. 10022

    *On behalf of Plaintiffs*

MICHAEL D. HOMANS
HOMANS PECK, LLC
1500 JOHN F. KENNEDY BLVD.
STE. 520
PHILADELPHIA, PA. 19102

    *On behalf of Defendant*

**HILLMAN**, District Judge

    Pending before the Court is Plaintiffs' motion for reconsideration with respect to the Court's opinion and order regarding one of Plaintiffs' motions in limine. (ECF 276). For

the reasons expressed below, the motion will be denied.

**I. Background**

Named Plaintiffs Sonya Ivanovs and Katie Hoffman instituted the instant action on behalf of themselves and similarly situated employees alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., by Defendant BAYADA Home Health Care, Inc. ("Defendant"). (ECF 1 at ¶¶ 2-4, 11). Specifically, Plaintiffs claim that Defendant "unlawfully classifies all of its [Client Services Managers ("CSMs")] nationwide as exempt from the minimum wage and overtime requirements of the [FLSA], despite the fact that they should be classified as non-exempt employees." (Id. at ¶ 3).

On December 12, 2022, Plaintiffs filed a motion in limine seeking to preclude evidence as to the duties, expectations, and requirements of CSMs who are not participating in this case or who are not slated to testify. (ECF 250). The Court denied Plaintiffs' motion, concluding that – because Plaintiffs have alleged that Defendant has misclassified all CSMs – evidence from nonparticipants and those not scheduled to testify who have been subject to the same policies as Plaintiffs is relevant to Defendant's defense of proper classification. (ECF 273 at 4). In so doing, the Court cited out-of-district decisions for support of its conclusion that the theory of Plaintiffs' case made relevant the evidence of nonparticipant and non-testifying

2

CSMs.  (Id. at 3-4).

On January 12, 2023, Plaintiffs filed the pending motion for reconsideration, contending that significant similarities and differences between the cited out-of-district decisions and the present matter resulted in a clear error of law necessitating reconsideration.  (ECF 276).

**II. Discussion**

   **A. Jurisdiction**

The Court possesses original jurisdiction over this action as Plaintiffs' claims are based on alleged violations of the FLSA.  See 28 U.S.C. § 1331.

   **B. Motions for Reconsideration**

Motions for reconsideration filed within this District are governed by Local Civil Rule 7.1(i).  Solid Rock Baptist Church v. Murphy, 555 F. Supp. 3d 53, 59 (D.N.J. Aug. 16, 2021).  Pursuant to the Local Civil Rules, a motion for reconsideration is to be accompanied by "a brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked."  L. Civ. R. 7.1(i).

"[A] motion for reconsideration is an 'extremely limited procedural vehicle,'" Champion Lab'ys, Inc. v. Metex Corp., 677 F. Supp. 2d 748, 750 (D.N.J. Jan. 4, 2010) (quoting Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. Sept. 1, 1992)), to be granted only upon a showing that

(1) there has been an intervening change in controlling law, (2) new evidence has become available that was unavailable when the court entered the order, or (3) reconsideration "is necessary to correct a clear error of law or fact to prevent manifest injustice." Solid Rock Baptist Church, 555 F. Supp. 3d at 60 (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  To warrant reconsideration under the "clear error" prong, "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" D'Argenzio v. Bank of Am. Corp., 877 F. Supp. 2d 202, 207 (D.N.J. July 9, 2012) (quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. Aug. 24, 2001)).

**III. Analysis**

In support of its conclusion that evidence from nonparticipant and non-testifying CSMs is relevant and admissible, the Court cited the Eastern District of Louisiana's decision in Johnson v. Big Lots Stores, Inc., 253 F.R.D. 381, 387 (E.D. La. May 7, 2008), for support of the proposition that – when a plaintiff alleges a broad corporate policy of misclassification in a FLSA collective action – the experiences of non-opt-ins subject to those same policies are relevant to the employer's defense of proper classification.  (ECF 273 at 3).  The Court also, in a string cite, cited the Western

4

District of Arkansas's decision in Rasberry v. Columbia County, 385 F. Supp. 3d 792, 795 (W.D. Ark. Apr. 4, 2019), for the contrary but related position that, because the court concluded that that case only concerned overtime violations relating to plaintiffs and opt-ins, evidence from nonparty employees was irrelevant or prejudicial.  (Id. at 3-4).

Plaintiffs, citing the pre-trial order from Johnson, argue that Johnson is distinguishable from the present case because it involved a bench trial and thus the Court was mistaken in relying on it.  (ECF 276 at 4; ECF 276-2).  Because the Johnson court served as the factfinder, it did not have to analyze the prejudice and potential confusion nonparticipant evidence would cause in a jury trial and was prepared to afford such evidence appropriate weight, according to Plaintiffs.  (ECF 276 at 4). Plaintiffs also, citing the amended complaint in Rasberry, assert that the plaintiffs in Rasberry, like them, alleged a broad policy of misclassification, and thus any distinction drawn between the Court and Rasberry represents a clear error of law.  (Id. at 3; ECF 276-1 at ¶ 42).

The Court has reviewed the two cases and concludes that they stand for the propositions for which they were cited. Plaintiffs' references to factual and procedural similarities and differences between Johnson, Rasberry, and the case at bar do not lead the Court to the conclusion that it misread or

5

misinterpreted the out-of-district decisions.

More relevantly, Plaintiffs have failed to offer any controlling decision that they believe the Court has overlooked as required by the Local Civil Rules. See L. Civ. R. 7.1(i). Rather, Plaintiffs argue that the factual and procedural similarities and differences between this case and Johnson and Rasberry not expressly recognized by the Court in its opinion and order constitute a clear error of law requiring reconsideration. (ECF 276 at 2-4). However, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same [district] judge in a different case." Daubert v. NRA Grp., LLC, 861 F.3d 382, 395 (3d Cir. 2017) (second alteration in original) (quoting Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011)). Therefore, even if the Court were to – for instance – adopt what Plaintiffs offer as the "correct reading" of Rasberry, (ECF 276 at 3), that reading would not be controlling and would not satisfy the standard of Local Civil Rule 7.1(i).

District courts possess considerable discretion in making evidentiary rulings. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 211 (3d Cir. 2009) (noting that district courts' evidentiary rulings are reviewed for abuse of discretion and, to demonstrate such abuse, "an appellant must

show that the court's decision was 'arbitrary, fanciful or clearly unreasonable.'" (quoting Moyer v. United Dominion Indus., 473 F.3d 532, 542 (3d Cir. 2007))).  In exercising that discretion, the Court concluded that evidence from nonparticipant and non-testifying CSMs is relevant due to the theory of Plaintiffs' case and that the probative value of such evidence is not substantially outweighed by the risk of confusion or prejudice.  In so deciding, the Court found the non-binding reasonings of Johnson and Rasberry persuasive and supportive of its decision.  To the extent that Plaintiffs contend that the similarities and differences of those cases as compared to the instant matter warranted a different result, disagreement with a court's decision does not support reconsideration absent presentation of a dispositive legal matter that the Court overlooked.  See Rich v. State, 294 F. Supp. 3d 266, 272-73 (D.N.J. Feb. 6, 2018).  Because Plaintiffs have not cited a contrary, controlling decision overlooked by the Court, their motion for reconsideration is denied.

**IV. Conclusion**

For the reasons stated above, Plaintiffs' motion for reconsideration, (ECF 276), will be denied.  An Order consistent with this Opinion will be entered.

Date: January 18, 2023                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

7