UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SONYA IVANOVS and KATIE
HOFFMAN, ON BEHALF OF
THEMSELVES AND ALL OTHER
SIMILARLY SITUATED EMPLOYEES,

   Plaintiffs,

   v.

BAYADA HOME HEALTH CARE,
INC.,
   Defendant.

1:17-cv-01742-NLH-AMD

**OPINION**

Appearances:

MICHAEL JOHN PALITZ
SHAVITZ LAW GROUP, P.A.
800 3RD AVE.
SUITE 2800
New York, N.Y. 10022

   *On behalf of Plaintiffs*

MICHAEL D. HOMANS
HOMANS PECK, LLC
1500 JOHN F. KENNEDY BLVD.
STE. 520
PHILADELPHIA, PA. 19102

   *On behalf of Defendant*

**HILLMAN**, District Judge

   Pending before the Court is Defendant BAYADA Home Health Care, Inc.'s ("BAYADA") motion to certify a question for interlocutory appeal. (ECF 342). For the reasons expressed below, the motion will be denied.

**I. Background**

Plaintiff Katie Hoffman[1] brought this action on behalf of herself and a collective of BAYADA client services managers ("CSMs") claiming that BAYADA has unlawfully misclassified CSMs as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., despite CSMs' performance of predominantly non-exempt duties, (ECF 1 at ¶¶ 2-4, 11). A jury trial was conducted from January 19, 2023 to February 6, 2023, which the Court bifurcated between liability and damages, with the liability phase further split first with four interrogatories focused on liability as to seven Testifying Plaintiffs and then, depending on the jury's response, an additional instruction and two additional interrogatories related to whether the Testifying Plaintiffs adequately represented the remainder of the collective.

The jury never reached the latter two interrogatories focused on representativeness, concluding that Ivanovs failed to demonstrate that she worked more than forty hours in any given week during the applicable period but failing to reach a verdict

---

[1] Sonya Ivanovs was the second named Plaintiff in this action. (ECF 1 at ¶¶ 12-14). Following trial, a jury concluded that Ivanovs failed to meet her threshold burden of showing that she worked more than forty hours in any given week, (ECF 311), and judgement was entered against her, (ECF 327). Ivanovs filed a notice of appeal, (ECF 335), which was dismissed pursuant to Federal Rule of Appellate Procedure 42(b), (ECF 338).

2

as to the remaining liability interrogatories centered on FLSA exemptions. (ECF 311). The Court declared a mistrial, (Trial Tr. 1890:3-6), and provided the parties twenty-eight days to renew motions for judgment as a matter of law, which had originally been submitted prior to jury deliberation, (ECF 302).

BAYADA renewed its motions, arguing in favor of the applicability of the fluctuating workweek method of damages calculation and that Testifying Plaintiffs failed to demonstrate that they represented the remainder of the collective. (ECF 328; ECF 329). The Court denied both motions in a May 25, 2023 opinion and order, (ECF 339; ECF 340), and a new trial is presently scheduled to begin on October 16, 2023, (ECF 349).

BAYADA filed the pending motion on June 5, 2023, (ECF 342), seeking to certify the following question for appeal:

> Whether – despite the absence of any statistical, scientific or other reliable evidence of a valid, representative sample – the trial testimony of a small, hand-picked subset of Plaintiffs about their individual day-to-day work experiences in disparate offices may, under the Fair Labor Standards Act and Due Process Clause, be deemed "representative" of and extrapolated to a national collective class of workers in other offices to justify denial of a Defendant's Motion for Judgment as a Matter of Law?

(ECF 342-1 at 1).

Plaintiffs filed an opposition, (ECF 347), to which BAYADA

replied, (ECF 350).

**II. Discussion**

  **A. Jurisdiction**

The Court exercises original jurisdiction over this action as Plaintiffs' claims are based on alleged violations of the FLSA, a federal statute.  See 28 U.S.C. § 1331.

  **B. Certification for Interlocutory Appeal**

When a district judge enters an otherwise unappealable order and is of the opinion that the order involves a controlling question of law for which there is substantial ground for difference of opinion and an immediate appeal "may materially advance the ultimate termination of the litigation," they may state so in an order.  28 U.S.C. § 1292(b).  Therefore, a party may pursue an interlocutory appeal "only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) the final resolution of the appeal has the potential to materially advance the determination of the litigation." Juice Ent., LLC v. Live Nation Ent., Inc., 353 F. Supp. 3d 309, 311 (D.N.J. Dec. 19, 2018) (citing 28 U.S.C. § 1292(b) and Tristani ex rel. Karnes v. Richman, 652 F.3d 360, 365 (3d Cir. 2011)). All three requirements must be met before an issue may be certified for appeal, Weske v. Samsung Elecs., Am., Inc., 934 F. Supp. 2d 698, 709 (D.N.J. Mar. 19, 2013) (citing In re Schering-

4

Plough Corp., No. 8-397, 2010 WL 2546054, at *4 (D.N.J. June 21, 2010)), and the movant bears the burden on demonstrating that each prong of the analysis is met, Fed. Trade Comm'n v. Wyndham Worldwide Corp., 10 F. Supp. 3d 602, 633 (D.N.J. Apr. 7, 2014).

Deferral of appellate review until entry of final judgment "is a basic tenet of federal law," Juice Ent., LLC, 353 F. Supp. 3d at 311-12 (quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996)), and certification therefore "should only rarely be allowed as it deviates from the strong policy against piecemeal litigation," Wyndham Worldwide Corp., 10 F. Supp. 3d at 633 (quoting Huber v. Howmedica Osteonics Corp., No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009)).  A court's certification decision is "wholly discretionary," and a court may deny certification even when each of the three prongs is met.  See Juice Ent., LLC, 353 F. Supp. 3d at 312 (quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 355, 358 (D.N.J. Aug. 24, 2001)); Weske, 934 F. Supp. 2d at 709 (same); see also United States v. Riddick, 669 F. App'x 613, 613 n.2 (3d Cir. 2016) (citing Forsyth v. Kleindienst, 599 F.2d 1203, 1208 (3d Cir. 1979), and finding that an order denying a request to certify questions for appeal was unreviewable).

**III. Analysis**

The Court concludes here that BAYADA has not met its burden in satisfying all three requirements under 28 U.S.C. § 1292(b).

5

Each prong of the analysis is addressed in turn.

**A. Controlling Question of Law**

A "controlling question" refers to one that is "serious to the conduct of the litigation, either practically or legally" and "must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." Juice Ent., LLC, 353 F. Supp. 3d at 312 (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)); Durr Mech. Constr., Inc. v. PSEG Fossil, LLC, No. 18-10675, 2021 WL 1040510, at *2 (D.N.J. Mar. 18, 2021) (same).

BAYADA contends that Plaintiffs presented no statistical, expert, or other evidence as to the non-testifying members of the collective at trial and that to permit the collective to continue would essentially constitute the Court ruling that there is no burden-of-proof standard for representative FLSA cases and representative plaintiffs can be selected to prove a case for an entire collective without any identified basis or rationale. (ECF 342-1 at 8-9). The Court generally disagrees with BAYADA's characterizations but concurs to the extent that BAYADA asserts that the Court's ruling as to the sufficiency of evidence required to sustain a collective action – if incorrect – would be reversible on appeal. (Id. at 9).

However, the Court's agreement on that score should not obscure the true nature of BAYADA's reference to a lack of "any

6

statistical, scientific or other reliable evidence of a valid, representative sample." (Id. at 1).  At its core, BAYADA's argument necessarily begs the question "what evidence was presented at trial?"  But mixed questions of law and fact are generally inappropriate for interlocutory appellate review, see In re Schering-Plough Corp., 2010 WL 2546054, at *4, and the proposed question – at least facially – concerns the sufficiency of evidence, see Roberts v. Cnty. of Essex, No. 15-7061, 2023 WL 2966771, at *7 (D.N.J. Apr. 17, 2023) (finding that an argument pertained to the sufficiency of evidence, which was "very far from being purely legal, and an interlocutory appeal [wa]s not a prudent exercise of discretion"); Krishanthi v. Rajaratnam, No. 09-CV-05395, 2011 WL 1885707, at *3 (D.N.J. May 18, 2011) ("Here, Defendants challenge the sufficiency of the facts alleged, and the application of the legal standard to the facts at issue; thus, Defendants' argument by necessity involves an interplay of facts and law, and such matters are within the discretion of this Court.").  Having presented a question of mixed law and fact centering on the sufficiency of evidence, Defendant has failed to meet the first prong of the test for interlocutory appeal.

### B. Substantial Ground for Difference of Opinion

The Court further concludes that even if it could be fairly said that BAYADA presents an argument a step beyond mere

7

sufficiency of evidence and toward the mechanics of FLSA collective actions, it still fails the second prong of the analysis. In assessing the second prong, the Court looks to whether a substantial ground for difference of opinion exists as to the Court's order – in other words whether "there is a genuine doubt or conflicting precedent as to the correct legal standard." See Juice Ent., LLC, 353 F. Supp. 3d at 313 (quoting Lighthouse Inst. for Evangelism v. City of Long Branch, No. CV 00-3366, 2012 WL 13034284, at *2 (D.N.J. Nov. 27, 2012)). A party's disagreement with a court's application of the relevant legal standard does not suffice. See Interfaith Cmty. Org. Inc. v. PPG Indus., Inc., 702 F. Supp. 2d 295, 319 (D.N.J. Mar. 26, 2010).

Here, BAYADA reviews the guidance provided in Fischer v. Federal Express Corp., 42 F.4th 366 (3d Cir. 2022), concerning the differences between collective and class actions – which the Court relied on in part in crafting trial procedure; argues in favor of a required "statistical sampling or some other form of reliable evidence to connect the experiences of the testifying Plaintiffs to those of the remaining class members"; asserts that the Court's decision not to dismiss non-testifying members of the collective is contrary to the guidance of Fischer; and seeks to distinguish Stillman v. Staples, Inc., No. 07-849, 2009 WL 1437817 (D.N.J. May 15, 2009), cited by the Court in its May

8

25, 2023 opinion. (ECF 342-1 at 10-14). BAYADA's arguments echo those made in its underlying motions for judgment as a matter of law and the Court agrees with Plaintiffs, (ECF 347 at 10-12), that BAYADA essentially disagrees with the Court's application of relevant authorities.

BAYADA's citation to out-of-circuit decisions, (ECF 342-1 at 14-15), and general statements as to the rarity of collective-action trials and the benefits of appellate guidance, (id. at 2, 2 n.1), do not compel a different result. The cited decisions are not binding on this Court for the purpose of the present analysis. See Ebert v. Twp. of Hamilton, No. 15-7331, 2020 WL 948774, at * 3 (D.N.J. Feb. 27, 2020); see also Cosimano v. Twp. of Union, No. 10-5710, 2017 WL 4790381, at *2 (D.N.J. Oct. 23, 2017) ("[T]he substantial ground for difference of opinion must be within the Third Circuit."). Further, while a novel or complex issue may warrant an interlocutory order, see Wyndham Worldwide Corp., 10 F. Supp. 3d at 634-35, an issue's general rarity or lack of appellate guidance do not require one, see Smith v. Conseco Life Ins. Co., No. 2:13-cv-5253, 2014 WL 5361746, at *2 (D.N.J. Oct. 21, 2014). "The lack of definitive guidance from the Third Circuit . . . may create room for speculation on how they might resolve the matter, but absent any authority to suggest that the Court erred here, the speculation does not rise to a substantial ground for a difference of

9

opinion." Id. The Court thus does not find that BAYADA has met its burden as to the second prong of the analysis.

### C. Material Advancement of the Determination of Litigation

Even if the Court was to conclude that a substantial ground for difference of opinion existed, it finds that BAYADA's motion would fail on the third prong of the analysis – material advancement of the ultimate determination of the litigation. "[C]ertification 'materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome.'" Wyndham Worldwide Corp., 10 F. Supp. 3d at 635 (quoting Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC, No. 11-0011, 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013)). Certification is more likely to materially advance the litigation early in the case as opposed to later when discovery may be complete and a trial date may be set. See id.

BAYADA asserts that certification here would potentially terminate the claims of non-testifying members of the collective or, with a decision in Plaintiffs' favor, simplify the issues to be decided at retrial. (ECF 342-1 at 15-16). The Court is not so convinced.

The decision in Ruffin v. Avis Budget Car Rental, LLC, No. 11-01069, 2014 WL 4610421 (D.N.J. Sept. 15, 2014), is persuasive

10

here.  The defendants in Ruffin sought an interlocutory appeal following denial of their motion to decertify a FLSA collective action.  2014 WL 4610421, at *1.  The motion for certification was denied, with the court concluding that interlocutory appeal would not materially advance the litigation due in part to the fact that individual members of the collective would have been free to individually refile their claims and the ease and cost of discovery would have been the same, if not greater, if the collective was decertified on appeal.  Id. at *3.

The Ruffin court's reasoning arguably holds truer here as the parties have proceeded well past the certification stage and on to trial.  See Prystowsky v. TGC Stores, Inc., No. 07-0072, 2011 WL 3516174, at *6 n.7 (D.N.J. Aug. 11, 2011) ("Delay can be a strong ground for denying appeal if the certification is sought from a court's ruling made after discovery and shortly before the matter is ready for trial." (citing Hulmes v. Honda Motor Co., Ltd., 936 F. Supp. 195, 212 (D.N.J. July 22, 1996) and Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1004 (D.N.J. Oct. 4, 1996)).  Retrial – scheduled to take place in two months – will be necessary no matter the result of an interlocutory appeal.  BAYADA claims that appellate review would simplify the issues to be retried, but the Court's experiences from the initial trial compel it to find otherwise.

BAYADA's contention is that Plaintiffs presented

11

insufficient evidence concerning non-testifying collective members.  With discovery complete, an appellate finding for BAYADA would potentially result in it not calling non-testifying members as part of its case at retrial and remove an instruction and two interrogatories from the jury.  But that result does not simplify the overall course of litigation or end the prospect of future litigation for those parties.  Non-testifying members, though dismissed from this action, would presumably seek recourse in future separate actions.  Therefore, the Court concludes that whatever benefits immediate review may offer, they do not outweigh the delay caused by certifying a question for appellate review just months prior to trial.  See Prystowsky, 2011 WL 3516174, at *6 n.7; see also Y.W. v. Roberts, No. 2:14-01642, 2018 WL 5784995, at *4 (D.N.J. Nov. 5, 2018) (concluding that a proposed question, if certified, would not materially advance the ultimate determination of litigation "since trial would still be required to resolve . . . factual issues").  BAYADA's motion will therefore be denied.

**IV. Conclusion**

　　For the reasons stated above, BAYADA's motion to certify a question for interlocutory appeal, (ECF 342), will be denied.  An Order consistent with this Opinion will be entered.

Date: August 17, 2023　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　NOEL L. HILLMAN, U.S.D.J.