UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONYA IVANOVS and KATIE HOFFMAN, on behalf of themselves and all other similarly situated employees, | Case No. 1:17-cv-01742-NLH-AMD |
| Plaintiffs, | |
| v. | |
| BAYADA HOME HEALTH CARE, INC., | |
| Defendant. | |

## ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement (the "Approval Motion"). Defendant does not oppose the Approval Motion.

1. Based upon the Court's review of the Approval Motion, the Declaration of Alan Quiles ("Quiles Decl."), all other papers submitted in connection with Plaintiffs' Approval Motion, after a final approval hearing on November 2, 2023 and for the reasons stated on the record, and for good cause shown, the Court approves the parties' Joint Stipulation of Settlement and Release (the "Settlement Agreement"), and "so orders" all of its terms, which are hereby incorporated herein and shall be the stipulated JUDGMENT in this matter. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Court has carefully reviewed the Fair Labor Standards Act settlement and related notice (attached to this Order). The Court finds that the settlement is fair and reasonable,

1

is the product of arm's-length negotiations after contested litigation, and resolves *bona fide* disputes.

3. The Court finds the following Service Awards to be reasonable compensation for the services rendered to the collective and the risks taken: (a) Three Thousand Dollars and Zero Cents ($3,000.00) to Katie Hoffman; (b) Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) each to Anika Downer, Josie Gupton, Christina Hess, Tiffany Potteiger, Deidra Taylor, Adriana Vargas Smith, and Blaire Yarbrough; and c) Two Thousand Dollars and Zero Cents to Sonya Ivanovs. These amounts shall be paid from the Payments to Plaintiffs.

4. The attorneys' fees and costs are reasonable. The fee award requested by Shavitz Law Group, P.A., and Donelon, P.C. (together, "Plaintiffs' Counsel") is justified by the work that they and co-counsel performed investigating the claims, conducting the litigation, negotiating the settlement, and the risk that Plaintiffs' Counsel undertook in bringing the claims. The Court, therefore, grants Plaintiffs' request for attorneys' fees and awards Plaintiffs' Counsel $415,000.00 in attorneys' fees, which was separately negotiated independent of the settlement amount to Plaintiff and the settlement collective, plus $120,000.00 in costs and expenses reasonably expended litigating and resolving these lawsuits.

5. The parties shall abide by all terms of the Settlement Agreement.

6. The clerk is directed to enter JUDGMENT and close the case, with the Court to retain jurisdiction over this matter until May 1, 2025.

It is so ORDERED this __9th__ day of __November__, 2023.

                                            __s/ Noel L. Hillman__
                                            Honorable Noel L. Hillman
                                            United States District Court Judge

At Camden, New Jersey

## EXHIBIT B

## NOTICE OF COLLECTIVE SETTLEMENT

*Sonya Ivanovs, et al., v. Bayada Home Health Care, Inc.*
Docket No. 1:17-cv-01742-NLH-AMD
United States District Court for the District of New Jersey

**TO: [INSERT NAME]**

We write to advise that, following the trial of this matter, which resulted in a mistrial and the dismissal of the claims by one of the named plaintiffs, the lawsuit was **SETTLED**. This notice explains the settlement.

BAYADA Home Health Care, Inc. denies that it violated any federal, state or local laws, breached any duty, failed to pay any employees as required by the FLSA or any similar state law, engaged in any misclassification, misrepresentation, or other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that Plaintiffs raised. Settlement is a compromise. If this case were to have been re-tried, you might have won an amount greater than your settlement payment. But you also could have received less than your payment or, if BAYADA won, you would have received nothing. This settlement avoids these risks.

**The federal court judge overseeing this case approved the settlement and ruled that it is fair and reasonable.** By participating in this settlement, you agree that you cannot talk to the media, press, or on social media and similar forms of communication about this case or about the settlement.

BAYADA will pay a maximum of Seven Hundred Thousand Dollars and Zero Cents ($700,000.00) (the "Total Settlement Amount") divided as follows: (1) One Hundred Sixty-Five Thousand Dollars and Zero Cents ($165,000) as the "Plaintiffs' Settlement Payment" and "Plaintiffs' Service Awards Payment"; (2) Four Hundred Fifteen Thousand Dollars and Zero Cents ($415,000) as the "Plaintiffs' Counsel's Fees and Costs"; and (3) One Hundred Twenty Thousand Dollars and Zero Cents ($120,000) as the "Plaintiffs' Expenses Payment," reimbursing the out-of-pocket expenses paid by Plaintiffs or their counsel in the case. Your share of the $165,000 Plaintiffs' Settlement Payment is set forth on the enclosed settlement check. BAYADA has made income tax withholdings from these checks, and you will receive an IRS Form W-2 at the beginning of 2025 reflecting this payment. You are solely responsible for the payment of any income taxes associated with the individual settlement payment.

If you are a recipient of a Service Award Payment, a second check in the amount of your reward is also enclosed from which BAYADA has not made any tax withholdings, for which you will receive an IRS Form 1099 at the beginning of 2025. You are solely responsible for the payment of any income taxes associated with the Service Award Payment.

As a participant in this settlement, you, as well as your current, former, and future heirs, executors, agents, assigns, and administrators will release and discharge BAYADA, as well as its past, present, or future parents, subsidiaries, divisions, affiliates or related companies, successors, and predecessors, as well as their respective past, present, and future owners, officers, directors, agents, employees, successors, heirs, administrators, executors, partners, assigns, attorneys, employee benefit plans and trusts, and insurers or other persons or entities acting on Defendant's behalf from any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way arising prior to the date of the entry of Approval Order and alleging unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56A, et seq., the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq., or any other federal, state, or local statute, regulation, rule, or common law theory, including, but not limited to, all claims asserted in the Litigation.

For those participants receiving a Service Award Payment, you, to the full extent permitted by law, further voluntarily, completely, and irrevocably release, acquit, and forever discharge BAYADA from any and all claims, whether in law or in equity, which each Service Award Recipient asserts or could assert, whether known or unknown, at common law or under any statute, rule, regulation, order or law, whether federal, state, or local, or on any grounds whatsoever, including without limitation, claims under the Age Discrimination in Employment Act (the "ADEA"), Title VII of the Civil Rights Act of 1964, the federal Equal Pay Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993 (the "FMLA"), the Employee Retirement Income Security Act of 1974, the Racketeer Influenced and Corrupt Organizations Act, the Financial Reform Recovery and Enforcement Act of 1989, Section 1981 of Title 42 of the United States Code, the federal Worker Adjustment and Retraining Notification (WARN) Act, the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, ERISA, and any other federal, state, or city laws concerning workplace rights or obligations or payment of wages, claims for violation of privacy rights, claims for violation of civil rights, claims for denial of equal rights, discrimination, wrongful termination, retaliation, breach of contract, equitable remedies, interference with advantageous relations, all tort claims, and all claims that were or could have been raised by Plaintiffs in the Litigation, against BAYADA with respect to any event, matter, claim, damage or injury arising out of each Plaintiff's employment with BAYADA, the termination of such employment, any application for employment with BAYADA, and/or plaintiff's eligibility for employment with the BAYADA.

If you have any questions, or would like to see the settlement agreement, **please contact Shavitz Law Group, P.A.** by calling 561-447-8888, emailing aquiles@shavitzlaw.com, or mailing to 951 Yamato Road, Suite 285, Boca Raton, Florida, 33431.